NETZEL v. TOWNSHIP BOARD OF WATERFORD TOWNSHIP.

1. JURISDICTION—HEARING—FINAL DECREE.
    Jurisdiction of a case is exercised by hearing and rendering a
    final decision therein.

2. TOWNSHIPS—BODY CORPORATE—CONSTITUTIONAL LAW.
    An organized township in this State is a body corporate whose
    powers and immunities are prescribed by law (Const., art. 8,
    § 16).

3. SAME—STATUTES—LICENSES—AUTOMOBILE JUNK YARDS—CONSTI-
    TUTIONAL LAW.
    Passage of act giving township board power to license and regu-
    late automobile junk yards and dismantling places is expressly
    authorized by Constitution of 1908, art. 8, § 16 (2 Comp. Laws
    1929, §§ 9766–9768).

4. SAME—RESOLUTIONS—MANUFACTURE AND SALE OF AUTOMOBILES.
    Resolution of township board in that part of the State devoted
    to manufacture and sale of automobiles *held*, warranted by
    statute authorizing board to license and regulate automobile
    junk yards and dismantling places (2 Comp. Laws 1929,
    §§ 9766–9768).

5. SAME—RESOLUTIONS—CONSTITUTIONAL LAW.
    Said resolution *held*, valid although there was a failure to provide
    standard for testing applicant for license as arbitrary exercise
    of licensing power is not granted.

Appeal from Oakland; Doty (Frank L.), J. Sub-
mitted April 18, 1934. (Docket No. 158, Calendar
No. 37,799.) Decided June 4, 1934.

Bill by Adolph Netzel against Township Board of
Waterford Township, Oakland county, to restrain
enforcement of statute and ordinance relating to
automobile junk yards and dismantling places. Bill
dismissed. Plaintiff appeals. Affirmed.

*Bond & Wilson* and *Lawrence J. Moloney,* for plaintiff.

*James H. Lynch,* for defendant.

POTTER, J. Plaintiff, July 15, 1933, filed a bill in the circuit court for the county of Oakland, in chancery, against defendant, to restrain it from enforcing the provisions of 2 Comp. Laws 1929, §§ 9766–9768, and from enforcing the provisions of a resolution of the township board passed in pursuance thereof and for other and further relief. Defendant answered. The case was heard, and, September 16, 1933, decree entered dismissing the bill of complaint, from which decree plaintiff appeals.

Plaintiff alleges that 2 Comp. Laws 1929, § 9766, and the resolution of the township board, are unconstitutional, and the circuit court had jurisdiction to restrain the enforcement thereof. Appellee contends the trial court did not pass upon the question of jurisdiction either in its opinion or the decree entered; and, consequently that question cannot be considered if it were material.

The trial court exercised jurisdiction and heard and disposed of the case by rendering final decree. This was an assertion of jurisdiction which has been frequently recognized. *Devereaux* v. *Township Board of Genesee Township,* 211 Mich. 38; *Postal* v. *Village of Grosse Pointe,* 239 Mich. 286.

While appellant contends the statute in question and the ordinance passed in pursuance thereof are unconstitutional, he does not call attention to any provision of the Constitution of Michigan or of the United States which is violated by such statute and the resolution passed in pursuance thereof. Under the Constitution of this State, each organized township is a body corporate whose powers and immunities are prescribed by law. Article 8, § 16. By the

Constitution, "The legislature may by general law confer upon organized townships such powers of a local, legislative and administrative character, not inconsistent with the provisions of this Constitution, as it may deem proper." Article 8, § 17, Constitution of 1908.

We are not dealing with the exercise of a power by the township, not delegated to it, but with the exercise of a power expressly delegated to the township by the legislature in pursuance of the constitutional provision above quoted. The statute in question, Act No. 12, Pub. Acts 1929; 2 Comp. Laws 1929, §§ 9766–9768, constitutes:

"An act to give power to the township board of any township to license and regulate junk yards and places for the dismantling of automobiles; to prescribe rules, regulations and conditions for the operation of the same; to provide penalties for the operation of the same without a license and for the violation of any rule, regulation or condition."

This constitutes the title to the act, the body of which provides for the enactment by the township board of the township of a resolution providing for the licensing of junk yards and places for dismantling of automobiles, fixing the license fee which shall not exceed $25 and adopting rules, regulations and conditions for the operation thereof; and specifying the date when such resolutions, rules, regulations and conditions shall take effect. Subsequent provisions of the statute provide for giving notice of the passage of such resolution and for penalties for violation of the terms of the resolution of the board. We find nothing in the statute which violates any provision of the Constitution, but on the contrary the passage of such an act seems to be expressly authorized by the constitutional provision above quoted.

The question arises as to whether the resolution passed by the township board of the township in question is in accordance with the statute. The dismantling of automobiles is in and of itself a legitimate business, not inherently dangerous to the public health, peace and safety and the same may also be said of the operation of a junk business; but when it is considered that the stealing, dismantling and disposing of the saleable parts of automobiles is a business of extensive proportions participated in by many persons and the place of disposition of automobile parts is quite generally through junk yards and automobile dismantling plants; and the township in question is in that part of the State devoted largely to the manufacture and sale of automobiles, it is not apparent the provisions of the resolution are inherently vicious. On the contrary, they seem to be fully warranted by the power expressly delegated to the local municipality by general legislation.

Considerable stress is placed upon *Devereaux* v. *Township Board of Genesee Township, supra;* but we think the resolution of the township board in question is not subject to the criticisms made of the statute involved in the *Devereaux Case.* On the contrary, its invalidity is not apparent. It is not shown where this resolution in any way violates the Constitution of the State or the Constitution of the United States. Its validity is sustained by the principle of *People* v. *Harley,* 230 Mich. 676.

The decree of the trial court is affirmed, but without costs, the matter involving a public question.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.