BLUMLO v. HAMPTON TOWNSHIP BOARD.

1. TOWNSHIPS—LICENSES—AUTOMOBILE DISMANTLING LOT—JUNK YARD.

An automobile dismantling lot is a "junk yard" as that term is used in township ordinance prohibiting operation of junk yards without a license (2 Comp. Laws 1929, § 9766, as amended by Act No. 34, Pub. Acts 1935; Hampton Township Junk Yard Licensing Ordinance, § 1).

2. SAME—DISCRETION OF BOARD—ORDINANCES—JUNK YARDS—RESIDENCES.

Refusal of a township board to grant a license to operate a junk yard for dismantling automobiles at a place which was not restricted to residential use either by plat restrictions or zoning ordinance, for which restricted areas the ordinance barred issuance of a license, was not authorized by provision of ordinance permitting the township board "in its discretion, for just cause," to refuse to grant a license, as such provision, being without any standard as a basis of determination, is invalid (2 Comp. Laws 1929, § 9766, as amended by Act No. 34, Pub. Acts 1935; Hampton Township Junk Yard Licensing Ordinance, §§ 1, 4).

3. SAME—LICENSES—DISCRETION OF BOARD—STANDARDS.

The failure to provide a standard in an ordinance conferring licensing power upon township board as to the business of

operating a junk yard for dismantling automobiles renders the discretionary provision of the ordinance invalid (2 Comp. Laws 1929, § 9766, as amended by Act No. 34, Pub. Acts 1935; Hampton Township Junk Yard Licensing Ordinance, §§ 1, 4).

4. SAME—JUNK YARD LICENSE—ORDINANCES—SEVERANCE CLAUSE—MANDAMUS.

Under township junk yard licensing ordinance which contains a severance clause, where township board refused issuance of a license pursuant to discretion attempted to be conferred under invalid provision, the remaining portion is held valid and applicant granted mandamus to compel issuance of license (2 Comp. Laws 1929, § 9766, as amended by Act No. 34, Pub. Acts 1935; Hampton Township Junk Yard Licensing Ordinance, §§ 1, 4, 15).

5. MANDAMUS—ORDINANCE INVALID IN PART.

While mandamus or other relief would not be obtainable under an ordinance invalid *in toto*, where invalid portion of ordinance is eliminated and plaintiff has asserted a clear legal right under the remaining portion which is declared to be valid, mandamus is the proper remedy for the enforcement thereof.

Appeal from Bay; McCormick (James L.), J. Submitted June 20, 1944. (Calendar No. 41,856.) Decided September 11, 1944.

Petition by Albert Blumlo for writ of mandamus to compel John De Wyse and others, clerk and members of Hampton Township Board, to issue a license authorizing petitioner to engage in the business of dismantling automobiles. Writ granted. Defendants appeal. Affirmed.

*F. Norman Higgs* and *Joseph J. Favazza,* for plaintiff.

*Albert W. Black* and *B. J. Tally,* for defendants.

NORTH, C. J. This is a mandamus proceeding by which plaintiff, Abraham Blumlo, seeks to compel Hampton township board to grant him a license to

engage in the business of dismantling, wrecking and disposing of automobiles and automobile parts, such business to be conducted on plaintiff's property hereinafter described. The relief sought by plaintiff was granted in the circuit court. The officers constituting the township board have appealed.

The statute under which townships are authorized to "adopt a resolution providing for the licensing of junk yards and places for dismantling, wrecking and disposing of * * * automobiles" reads in part as follows:

"The township board of any township may, at any regular meeting, adopt a resolution providing for the licensing of junk yards and places for the dismantling, wrecking and disposing of the junk and/or refuse material of automobiles; may prescribe the amount of an annual license fee which shall not exceed twenty-five dollars, and prescribe the form of an application for such license, and adopt rules, regulations and conditions for the operation thereof, which in the discretion of said board will best protect the public health, interests and general welfare of their township, * * * Provided, * * * The township board may in its discretion, for just cause, refuse to grant the license provided for in this act." 2 Comp. Laws 1929, § 9766, as amended by Act No. 34, Pub. Acts. 1935 (Comp. Laws Supp. 1940, § 9766, Stat. Ann. § 19.731).

Pursuant to the above statutory provisions and prior to plaintiff's application for a license, Hampton township enacted an ordinance from which we quote the following:

"Section 1. No person, corporation, copartnership or firm shall hereafter own or operate or use any junk yard within the township of Hampton, county of Bay, without having first obtained from the clerk of said township a license for the junk yard

or place for the dismantling, wrecking and disposing of automobiles. * * *

"SEC. 4. No license shall be issued for any premises which are restricted to private residence purposes, nor shall any license be issued for any premises restricted by any (zoning) resolution or regulation. * * *

"SEC. 15. Should provision of any section of this resolution be held unconstitutional or invalid, such holding shall not be construed as affecting the validity of any of the remaining (which) shall stand notwithstanding the invalidity of any provision or section."

Other provisions of the ordinance detail the manner of making the application for a license, referring the same to the township supervisor for making an investigation and recommendation to the township board "and if in the opinion of the township board the person making the application is a proper person and the place to be used is a proper place for such business, it may authorize the granting of a license upon the payment of the license fee (of $25), which said license shall be issued by the township clerk. The township board may in its discretion, for just cause, refuse to grant the license provided for in this resolution."

The reason in consequence of which the township board denied plaintiff's petition for a license is stipulated in the record as follows:

"Testimony at the trial showed further that the reason the township board refused to issue the license to the plaintiff was because the land intended to be used as a dismantling yard was in a vicinity primarily used for residential purposes."

Within the definition of the township ordinance an automobile dismantling lot is a junk yard. The property in the location affected is not subject to

plat restrictions or to a zoning ordinance. The general surroundings and plaintiff's asserted intended use of his property are clearly stated in the circuit judge's opinion from which we quote:

"The site upon which plaintiff proposes to operate his business is on the south side of Center avenue, a State highway, from a quarter to a half mile east of the eastern limits of the city of Bay City. The property opposite and on the north side of Center avenue is used largely for business purposes. The property on the south side east and west of the proposed site is occupied by a very limited number of residences, by a chicory plant between the site and eastern city limits, and by a store an eighth to a quarter of a mile to the east. The balance of the property is vacant or used for farming purposes. The site can hardly be said to be within a strictly residential district.

"In plaintiff's application for license he states that he proposes to erect a home on the northerly part of the site nearest to Center avenue, a building for the sale of used parts farther to the south, and to enclose a place at least 300 feet south from the highway for the dismantling and wrecking of automobiles. He further states at no time will there be an unsightly display of bodies of wrecked automobiles or parts thereof."

Since, as above noted, the proposed site is not within a restricted area, the refusal of the township board to grant the license was not authorized by any provision of the ordinance, except the portion of section 3 which reads: "The township board may in its discretion, for just cause, refuse to grant the license." Of necessity the township board must have assumed that the portion of the ordinance just above quoted authorized its action. But this portion of the ordinance is invalid because it contains no controlling

standard of action and attempts to vest the township board with power to act arbitrarily. In effect the quoted ordinance provision attempts to empower the township board to grant or deny a license for any cause which in the exercise of its discretion may be deemed just. This opens the door to captious action without any standard as a basis of determination, and renders the discretionary provision of the ordinance invalid. This phase of the law is so thoroughly and clearly stated in People v. Sturgeon, 272 Mich. 319, that it need not be repeated. See, also, Ritter v. City of Pontiac, 276 Mich. 416. But under the severance clause in the ordinance we hold the remaining portion of the ordinance valid; and that plaintiff is entitled to mandamus, as adjudged in the circuit court.

Appellants' contention that since plaintiff asserts the ordinance in part is invalid (as above held), he cannot obtain relief by mandamus, is not tenable. If the ordinance was adjudicated invalid in toto, it is obvious that relief under such invalid ordinance could not be obtained by mandamus or otherwise. But when, as in the instant case, the ordinance after eliminating an invalid provision is still held to be good, mandamus is a proper remedy by which an aggrieved party may enforce a clear legal right asserted under the valid portion of the ordinance.

The judgment entered in the circuit court granting mandamus is affirmed, with costs to appellee.

STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.