PEOPLE *v.* GOTTLIEB.

1. LICENSES—PROHIBITION—PENALTY.
   The power to license involves a power to prohibit the exercise of a right under penalty without a license.

2. SAME—PROHIBITION.
   The fact that a license is required to do an act is of itself a prohibition of such act without a license.

3. SAME—TOWNSHIPS—USED-CAR LOTS—WAIVER BY NEARBY FREE-HOLDERS—DELEGATION OF POWERS.
   Statute, permitting township board to refuse to grant a license required for operation of used-car lot for just cause and ordinance requiring a waiver by 65% of the freeholders residing in the township within 1/2 mile radius of the proposed location recommending the license be granted, did not constitute an unlawful delegation of legislative power to freeholders, since the power to grant or deny the license rests with the township board, notwithstanding the waiver or recommendation required to be submitted with the application for license (CL 1948, § 445.502; St. Joseph County, Park Township 1951 Used-Car Ordinance, § 4).

4. CONSTITUTIONAL LAW—DELEGATION OF POWERS—MODIFICATION OF PROHIBITION.
   A prohibitory ordinance which permits the prohibition to be modified with the consent of the persons who are to be most affected by the modification does not constitute an unconstitutional delegation of legislative power to the persons whose consent is required.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 28 Am Jur, Injunctions § 156 *et seq.;* 33 Am Jur, Licenses § 75.
[3-5] 33 Am Jur, Licenses § 59 *et seq.*

5. TOWNSHIPS—ORDINANCE—REVOCATION OF LICENSES—USED-CAR
    LOTS—PETITION OF FREEHOLDERS.

    Township ordinance providing for licensing of used-car lots
      which contained a provision that the license should be subject
      to revocation by the township board if 65% of the freeholders
      residing in the township within a radius of 1 mile petition
      therefor was not invalid as an unconstitutional delegation of
      legislative power as the power of revocation remained with the
      township board (CL 1948, §§ 445.501–445.504; St. Joseph
      County, Park Township 1951 Used-Car Ordinance, § 15).

Appeal from St. Joseph; Sweet (Lucien F.), J., presiding. Submitted April 16, 1953. (Docket No. 63, Calendar No. 45,663.) Decided June 22, 1953.

Sam Gottlieb was charged with operating a used-car lot without a license in violation of township resolution or ordinance. On appeal to circuit court he was found not guilty. Plaintiff appeals. Reversed and remanded.

*Jones & Theiss,* for plaintiff.

*Leonard J. Weiner* and *Raymond H. Dresser,* for defendant.

BOYLES, J. January 5, 1951, the township board of Park township, St. Joseph county, enacted an ordinance or resolution making it unlawful to maintain or operate a used-car lot in the township without obtaining a license therefor.* On April 4, 1951, the defendant was convicted in justice court of the violation of said ordinance and appealed to the circuit court, where he was again tried by the court without a jury and found not guilty. The circuit judge held that the ordinance was unconstitutional and void. On leave granted, the township appeals.

* See PA 1937, No 232 (CL 1948, §§ 445.501–445.504 [Stat Ann
1951 Cum Supp §§ 19.739(1)–19.739(4)]).

Only one question is involved. Are sections 4 and 15 of the ordinance unconstitutional? They are as follows:

Sec. 4. "As a condition to the original granting of such license and the operation of such used-car lot, as a part of said application, the applicant or applicants shall obtain from 65% of the freeholders residing in said township within 1/2 mile radius of the place where said business is proposed to be conducted a written statement or waiver addressed to said township board recommending that such license be granted."

Sec. 15. "Said license shall be subject to revocation by said board upon failure to conduct said business in conformity with any of the rules, regulations or conditions, herein contained, or if any of the statements in the said application are found to be false, or if 65% of the freeholders residing in said township within a radius of 1 mile from the place of said business petition said township board therefor."

The circuit judge stated his reason for holding the ordinance unconstitutional, as follows:

"It is the conclusion of this court that where an ordinance makes the right to use property contingent on the consent of other property owners there is an improper delegation of legislative power."

The ordinance prohibits the operation of a used-car lot in the township, unless the applicant first obtains a license therefor. It states that it shall be unlawful to carry on any used-car business in the township without first having obtained such a license; declares that one who violates that prohibition shall be guilty of a misdemeanor, and provides a penalty therefor.

"A power to license involves, in the exercise of it, a power to prohibit under a pain or penalty with-

out a license. Otherwise a license would be an idle ceremony—giving no right, conferring no privilege, and exempting from no pain or penalty. If the right existed previous to the law requiring the license, it would not exist afterwards without such license. The fact that a license is required to do an act, is of itself a prohibition of such act without a license." *Chilvers* v. *People,* 11 Mich 43.

We do not agree with the trial court that there is an unlawful delegation of legislative power to freeholders, to grant or deny the issuance of such a license. Section 4 of the ordinance requires the applicant, as a part of the application, to obtain and file a written "statement or waiver" of 65% of the freeholders residing in the township within a 1/2-mile radius of the proposed location of the used-car lot, "recommending" that the license be granted. But the ordinance itself does not require the township board to grant the license upon such recommendation, nor to deny a license in the absence of such a waiver. In that respect it differs from the ordinance which was in effect when the defendant first attempted to install a used-car business in the township, which was supplanted and repealed by the ordinance here involved. The previous ordinance expressly provided:

"That no license shall be issued until the applicant shall have first obtained a consent in writing of all freeholders adjoining or bordering on the land where such business is to be conducted and 75% of all freeholders within a radius of 1 mile of the proposed location of such business."

The power to grant or deny the license rests with the township board, notwithstanding the statement, waiver, or recommendation required to be submitted with the application. The statute (CL 1948, § 445.502 [Stat Ann 1951 Cum Supp § 19.739(2)]),

on which the authority of the township board is bottomed, provides:

"The township board may in its discretion, for just cause, refuse to grant the license provided for in this act."

In *Cady* v. *City of Detroit*, 289 Mich 499, the validity of an ordinance, practically the same as the one here under consideration, was upheld. Cady sought to enjoin the city of Detroit from enforcing an ordinance which required 65% of the owners of real estate within 600 feet of the Cady property to consent before a license be granted Cady to maintain an automobile trailer camp. The Court said:

"Regarding the complaint that the requirement of consent of 65% of property owners within 600 feet of such camp must be secured before a license can be granted is unreasonable, we are constrained to hold that such conditions are valid and do not result in the delegation of a legislative power by the city to such adjacent property owners. In *Thomas Cusack Co.* v. *City of Chicago*, 242 US 526 (37 S Ct 190, 61 L ed 472, LRA1918A, 136, Ann Cas 1917C, 594), where an ordinance prohibited the erection of billboards in certain blocks, but permitted the prohibition to be modified with consent of adjacent property owners, it was held that such an ordinance was not a delegation of legislative power but a familiar provision affecting the enforcement of laws and ordinances. 'A distinction is made between ordinances or regulations which leave the enactment of the law to individuals and ordinances or regulations prohibitory in character but which permit the prohibition to be modified with the consent of the persons who are to be most affected by such modification.' 43 CJ, p 246.

"If such consent is used for no greater purpose than to waive a restriction which the legislative authority itself has created and in which creation it has made provision for waiver, such consent is generally

regarded as being within constitutional limitations. *City of East Lansing* v. *Smith,* 277 Mich 495."

In the *Cusack Case,* above referred to, the United States supreme court said:

"The claimed infirmity in the ordinance consists in the requirement that before any billboard or signboard of over 12 square feet in area may be erected in any block in which 1/2 of the buildings are used exclusively for residence purposes the owners of a majority of the frontage of the property on both sides of the street in such block shall consent in writing thereto. This, it is claimed, is not an exercise by the city of power to regulate or control the construction and maintenance of billboards, but is a delegation of legislative power to the owners of a majority of the frontage of the property in the block 'to subject the use to be made of their property by the minority owners of property in such block to the whims and caprices of their neighbors.' * * *

"The plaintiff in error relies chiefly upon *Eubank* v. *City of Richmond,* 226 US 137 (33 S Ct 76, 57 L ed 156, 42 LRA NS 1123, Ann Cas 1914B, 192). A sufficient distinction between the ordinance there considered and the one at bar is plain. The former left the establishment of the building line untouched until the lot owners should act and then made the street committee the mere automatic register of that action and gave to it the effect of law. The ordinance in the case at bar absolutely prohibits the erection of any billboards in the blocks designated, but permits this prohibition to be modified with the consent of the persons who are to be most affected by such modification. The one ordinance permits 2/3 of the lot owners to impose restrictions upon the other property in the block, while the other permits 1/2 of the lot owners to remove a restriction from the other property owners. This is not a delegation of legislative power, but is, as we have seen, a familiar provision affecting the enforcement of laws and ordinances."

The trial court erred in holding that the ordinance was void in that it was an unconstitutional delegation of legislative power. Referring to section 15, said section does not require the township board to revoke the license if 65% of the freeholders in the township within 1 mile from the place of business petition therefor. It merely provides that the license shall be "subject to revocation" on filing such a petition, together with other grounds, such as false statements in the application, or failure to conduct the business in conformity with the regulations contained in the ordinance. It is not subject to the infirmity claimed by the defendant, and no good ground has been asserted for its invalidity.

Reversed and remanded for further proceedings.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, and REID, JJ., concurred with BOYLES, J.

BUSHNELL, J., concurred in the result.