## TOWNSHIP OF GARFIELD v. YOUNG.

1. Licenses—Townships—Automobile Junk Yards—Waiver—Delegation of Powers.

Ordinance adopted by township board requiring petition signed by 80% of adjacent property holders within a certain radius from proposed location of automobile junk yard and dismantling place plus 1/2 mile along the main highway, did not constitute an unlawful delegation of legislative power, since the power to grant or deny the license rests with the township board, notwithstanding petition was required to be submitted with the application for. the license (CL 1948, § 445.141 et seq.).

2. Same—Townships—Ordinances—Automobile Junk Yards—Population Limits.

The population limit to a minimum of 10,000 at one time applicable to townships desiring to adopt ordinances and regulations under the police power does not apply to township ordinances providing for the licensing and regulation of junk yards and places for dismantling automobiles, the latter having been covered by a statute not containing such limitation (CL 1948, § 41.181, § 445.451 et seq.).

3. Townships—Statutes—Licenses—Automobile Junk Yards—Constitutional Law.

Passage of act giving township board power to license and regulate automobile junk yards and dismantling places is expressly authorized by the Constitution of 1908, art 8, § 16 (CL 1948, § 445.141 et seq.).

4. Injunction—Equity—Jurisdiction—Criminal Acts.

Generally, a court of equity has not the power to restrain viola-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 33 Am Jur, Licenses § 60.
[2, 5] 52 Am Jur, Towns and Townships § 10.
[3] 33 Am Jur, Licenses § 20.
[4] 28 Am Jur, Injunction § 148.

tion of a criminal statute or ordinance, but where the facts form a basis for equitable relief, the jurisdiction of the court will not be destroyed by the fact that a criminal act will be restrained.

5. TOWNSHIPS — ORDINANCES — CONSTITUTIONAL LAW — SEVERANCE CLAUSE.

Contentions that township ordinance was unconstitutional *in toto* because it was designated an ordinance instead of a resolution, as provided by enabling statute; because the penalty clause provided for a "forfeiture" instead of a "fine," or for imprisonment in the county jail; because it was passed at a special, instead of a regular, meeting of the township board; and because 2 other licenses have been issued by the township board to operate junk yards in the same territory, advanced for the first time on appeal, *held*, without merit, particularly where ordinance contains a severance clause.

Appeal from Grand Traverse; Brown (Charles L.), J. Submitted June 8, 1954. (Docket No. 11, Calendar No. 46,132.) Decided October 4, 1954.

Bill by the Township of Garfield against Sol H. Young, doing business as Sol H. Young Iron & Metal Company, to enjoin operation of junk yard under township zoning ordinance. Bill dismissed on motion. Plaintiff appeals. Reversed and remanded.

*Harry T. Running,* for plaintiff.

*Charles H. Menmuir,* for defendant.

BOYLES, J. Garfield township, in Grand Traverse county, filed a bill of complaint in the circuit court for that county to enjoin the defendant from instituting or operating a junk yard or place to dismantle automobiles on certain property in said township. The defendant moved to dismiss for certain reasons hereinafter referred to. The trial court heard and granted the motion and the township appeals.

The defendant claimed, and still does, that the township ordinance on which appellant bases its case, in requiring that one who desires to engage in the operation of a junk yard or place for dismantling automobiles must comply with certain of its requirements when petitioning the township board for a license so to do, is unconstitutional. Defendant was denied a license because his application was not accompanied by a consent or approval signed by 80% of certain adjacent landowners. In support of his motion to dismiss, the defendant claims that the regulation in said ordinance which requires one who petitions for a license to operate such a junk yard to accompany said application with a petition by 80% of adjacent property owners within a certain radius from the proposed location, plus 1/2 mile along the main highway, is unconstitutional, because it constitutes an unlawful delegation of authority. Defendant also claims that the township regulation in said ordinance is unconstitutional which provides that the township board shall decide, after a public hearing, whether there is just cause for revoking a license upon the filing of a petition by 80% of such adjacent property owners.

The opinion of the trial court in the instant case was filed December 1, 1952, and the order dismissing the bill of complaint entered December 8, 1952.

An examination of the ordinance here under consideration establishes that it is substantially the same as the ordinance considered by this Court in *People* v. *Gottlieb,* 337 Mich 276, decided June 22, 1953. These same claims of unconstitutionality were made by the defendant in that case, and decided adversely to such claims. We are not impressed by the reasons whereby the defendant here attempts to distinguish that decision. It controls.

Defendant claims the township board had no power to enact said ordinance. Admittedly, the

plaintiff township has less than 10,000 population. The trial court, among other reasons for dismissing the bill of complaint, relied on PA 1945, No 246 (CL 1948, § 41.181), under which township boards in townships having over 10,000 population may adopt ordinances and regulations under the police power.* But the ordinance here under consideration was passed by the township board under PA 1929, No 12, as amended by PA 1935, No 34 (CL 1948, § 445.451 *et seq.* [Stat Ann § 19.731 *et seq.*]), which specifically authorizes township boards, without limitation as to population, to license and regulate junk yards and places for dismantling automobiles. The population limit does not apply to this case. See, also, *Netzel* v. *Township Board of Waterford Township,* 267 Mich 220, where the Court held (syllabus):

"Passage of act giving township board power to license and regulate automobile junk yards and dismantling places is expressly authorized by Constitution of 1908, art 8, § 16 (CL 1929, §§ 9766–9768)."†

Defendant argues that injunctive relief will not lie to prevent the defendant from instituting or operating a junk yard in the township, inasmuch as the ordinance makes no such provision but provides a penalty for violation of its provisions. In support thereof, defendant relies on *Township of Warren* v. *Raymond,* 291 Mich 426. The opinion in that case holds that the bill of complaint did not charge the maintaining of a nuisance, hence, there was no ground alleged on which to base equitable relief. However, in said case, the Court citing many authorities, said (p 428):

"Has an equity court power to enforce this ordinance by injunction? The general rule as established

---

* Subsequently, this population limitation was amended by PA 1952, No 224, and eliminated by PA 1953, No 87 (Stat Ann 1953 Cum Supp § 5.45[1]). It has no bearing on the instant case.
† PA 1929, No 12.

by authorities is that a court of equity has not the power to restrain violation of a criminal statute or ordinance; but where the facts form a basis for equitable relief, the jurisdiction of the court is not destroyed by the fact that a criminal act will be restrained."

Other questions have been raised by defendant here for the first time to support his claim that the ordinance is void. Defendant claims that the ordinance is unconstitutional because it is designated as an ordinance, instead of a resolution (the word used in the enabling act); that the penalty clause which provides that one who violates the provisions of the ordinance shall "forfeit" not to exceed $100 together with costs of prosecution, or be imprisoned in the county jail, et cetera (instead of "pay a fine"), makes the ordinance void; that it is unconstitutional because it was passed at a special, instead of a regular, meeting of the township board; and because 2 other licenses have been issued by the township board to operate junk yards in the same territory. We find no merit in the claim that the ordinance is unconstitutional *in toto* on those grounds. Furthermore, the ordinance has a severance clause.

Reversed and remanded for further proceedings in accordance herewith. Costs to appellant.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.