JOURDEN *v.* WYOMING TOWNSHIP.

1. LICENSES—JUNK YARDS—DISTANCE FROM RESIDENCES—TOWN-SHIPS.

Denial of plaintiff's application for license to operate a junk yard in defendant township at property about 400 feet from property zoned A residential and 133 or 200 feet from other tracts zoned B residential because less than 1,000 feet from residential property, as provided in township resolution adopted pursuant to statute authorizing townships to exercise discretion in refusing to grant licenses for such purpose in the interest of public health and general welfare, *held,* not to have been an unreasonable, discriminatory application of the regulation (Const 1908, art 8, §§ 16, 17; CL 1948, § 445.451).

2. TOWNSHIPS—JUNK YARDS—LICENSES—ESTOPPEL.

Township enforcement of its duly-authorized resolution regulating and licensing junk yards may not be estopped by misinformation as to terms of the licensing regulation given applicant by the township clerk (Const 1908, art 8, §§ 16, 17; CL 1948, § 445.451).

3. SAME—JUNK YARDS—LICENSES—BUILDING PERMIT.

Fact that plaintiff had secured and used a building permit to construct a storage building did not vest in him any right to violate township resolution as to licenses for and regulation of junk yard (Const 1908, art 8, §§ 16, 17; CL 1948, § 445.451).

Appeal from Kent; Searl (Fred N.), J. Submitted October 8, 1959. (Docket No. 31, Calendar No. 47,869.) Decided January 4, 1960.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning § 92.
[2] 19 Am Jur, Estoppel § 168.
[3] 58 Am Jur, Zoning § 92.

Bill by Earl E. Jourden against Wyoming Township, a municipal corporation, and its officers to enjoin them from enforcing against him regulatory and licensing provisions relative to operation of junk yard. Bill dismissed. Plaintiff appeals. Affirmed.

*Robert S. Tubbs,* for plaintiff.

*Walsh, Levandoski & Mitus (Leo W. Walsh,* of counsel), for defendants.

EDWARDS, J.    This is an appeal from the decree of a circuit judge in Kent county upholding constitutionality of a township licensing resolution.

The provision of the licensing resolution which was attacked as unreasonable in its present application forbade operation of an automobile wrecking yard "within 1,000 feet of a church, school, park or boundary of any residential district."

The regulatory ordinance considered was adopted under PA 1929, No 12, as amended (CL 1948, § 445.451 [Stat Ann 1959 Rev § 19.731]). The statute authorized the township board to adopt a resolution providing for the licensing of

"junk yards and places for the dismantling, wrecking and disposing of the junk and/or refuse material of automobiles;  *  *  *  and adopt rules, regulations and conditions for the operation thereof, which in the discretion of said board will best protect the public health, interests and general welfare of their township.  *  *  *  The township board may in its discretion, for just cause, refuse to grant the license provided for in this act."

Appellant does not attack the constitutionality of the licensing ordinance itself. He attacks as unconstitutional the application of it made in his case.

The township board denied appellant's application for a license because of violation of the 1,000-foot standard. The proximity of appellant's activity to residential districts was summarized accurately by the chancellor in his opinion:

"In the present case, plaintiff's yard is within 133 feet of certain property zoned B residential, 200 feet from other property zoned B residential, and about 400 feet from certain property zoned A residential. In this latter zone, there is a built-up residential district of homes 5 to 6 years of age.

"Putting aside the consideration of the small residential district more or less surrounded or bordered by industrial or commercial property, we have left a real and growing residential district of some size, commencing 400 feet from plaintiff's property."

Although the municipal regulation we consider here is not a zoning ordinance, it must be tested in its application to appellant's property by the same constitutional standard by which we test zoning regulations, namely, does the regulation as applied bear a reasonable relation to the public health, safety, morals, or general welfare of the community concerned. *Village of Euclid* v. *Ambler Realty Company*, 272 US 365 (47 S Ct 114, 71 L ed 303, 54 ALR 1016).

We note that the regulatory resolution considered here is specifically authorized by statute (CL 1948, § 445.451 [Stat Ann 1959 Rev § 19.731]) adopted under the Michigan Constitution (1908), art 8, §§ 16, 17.

This statute and municipal regulations thereunder similar to the one considered here have been previously upheld as to constitutionality by this Court. *Township of Garfield* v. *Young*, 340 Mich 616; *Netzel* v. *Township Board of Waterford Township*, 267 Mich 220.

In relation to the present case, the circuit judge held:

"To permit a junk yard within a few hundred feet of a residential zone and within sight and hearing and smell of the people who live in those homes would for' all practical purposes be as inimical to the public welfare as would be the location of the junk yard in the boundaries of the zone. If there is a difference, it is in degree only.

"It is my opinion that insofar as the facts in this case are concerned, the regulation which prohibits the use of plaintiff's property for that of a junk yard does bear a real relation to the public welfare."

We believe the record supports this conclusion. Further, previous Michigan case law has upheld regulatory standards not basically dissimilar to that presented here. *Township of Garfield* v. *Young, supra*; *People* v. *Gottlieb*, 337 Mich 276.

We do not deal in this case with a regulation without any standards which might open the door to discriminatory or capricious actions. See *Blumlo* v. *Hampton Township Board*, 309 Mich 452; *Kurpinski* v. *Brownstown Township Board*, 348 Mich 184.

This record does not convince us, any more than it did the circuit judge, that the licensing regulation has been applied in a discriminatory fashion. The standard enforced herein is specific, and as applied it is reasonable.

The fact that at an earlier stage of the proceedings appellant was misinformed about the terms of the licensing regulation by the township clerk does not estop township enforcement of this regulation. *Fass* v. *City of Highland Park*, 326 Mich 19. Nor does the fact that appellant has secured and used a building permit to construct a storage building give him any vested rights to violate the

wrecking-yard regulation. *Township of West Bloomfield* v. *Chapman,* 351 Mich 606.

Affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred.