Cheshire,
No. 5157.

JAFFREY *v.* MICHAEL A. HEFFERNAN *& a.*

Argued October 2, 1963.
Decided December 3, 1963.

*William D. Tribble* and *David J. KillKelley* (*Mr. Tribble* orally), for the plaintiff.

*Maurice M. Blodgett* (by brief and orally), for the defendants Heffernan.

*Kenneth A. Brighton* and *Richard R. Fernald* (*Mr. Fernald* orally), for Ginsburg, Wheeler and Lundberg, as *amici curiae*.

DUNCAN, J. In support of their motion for judgment notwithstanding the decree, the defendants rely upon *Mayor* v. *Smyth*, 64 N. H. 380 which they assert is controlling and founded upon established principles of equity. See also, *Ventnor City* v. *Fulmer*, 92 N. J. Eq. 478, *aff'd* 93 N. J. Eq. 660; Annot. 91 A. L. R. 315, 322. In *Mayor* v. *Smyth, supra*, 383, the court dismissed a bill in equity seeking to enjoin violation of an ordinance designed to prevent the spread of fire, which required that exterior alterations of existing buildings should be of fireproof material. It appeared that the changes proposed by the defendant in the case would neither increase nor diminish the danger from fire. Since there was no evidence that the alterations would be a nuisance in fact or cause irreparable damage, the court found it unnecessary to determine the validity of the ordinance, and declined to exercise jurisdiction merely "to restrain or suppress the commission of . . . [a misdemeanor]."

The plaintiff in the case before us points out that the ordinance which it seeks to enforce contains no penalty for its violation, and that the town is without adequate legal remedy. See *N. H. Board* v. *Company*, 90 N. H. 368, 373.

On the former transfer, we concluded that "on the record before us the petition should be granted." *Jaffrey* v. *Heffernan*,

*supra*, 254. See *Faulkner* v. *Keene*, 85 N. H. 147, 153. The record on this transfer does not differ in any material respect from the previous record.

Cases are commonplace in which equity powers have been utilized on behalf of municipalities to compel compliance with valid zoning ordinances, even though penalties are provided for violation, and the violation is not shown to constitute a public nuisance. *Mayor &c. of Alpine Borough* v. *Brewster*, 7 N. J. 42; *Lincoln* v. *Giles*, 317 Mass. 185; *Lexington* v. *Bean*, 272 Mass. 547; *Darien* v. *Webb*, 115 Conn. 581; *Garfield* v. *Young*, 340 Mich. 616; *Boise City* v. *Better Homes*, 72 Idaho 441, 445; *Lake Bluff* v. *Horne*, 24 Ill. App. 2d 343. No reason is apparent why like principles should not apply to the enforcement of a set-back ordinance, such as is here involved, even though not a part of a comprehensive zoning ordinance. See *McCavic* v. *DeLuca*, 233 Minn. 372.

We find no error in the rulings of the Trial Court.

*Exceptions overruled.*

All concurred.