2. SAME—JUNK YARD—DEFINITION—IMPLIED POWER IN TOWNSHIP.
   A township possesses implied power to define the term *junk yard* where the State legislature, in the act enabling a township to regulate them has not defined the term (CL 1948, § 445.451; Independence Township Ordinance No 8 [1952], as amended).

3. SAME—ORDINANCE—JUNK YARD.
   Definition of junk yard in township ordinance as any establishment or premises where worn out or discarded material is bought, kept, sold, or stored, or any premises upon which 2 or more unlicensed used motor vehicles which cannot be operated under their own power are kept or stored for a period of 15 days or more *held,* not to embrace more than 1 object, making it unnecessary to determine if municipal ordinances are subject to constitutional provision requiring

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur, Towns and Townships § 24.
[2, 4] 47 Am Jur, Secondhand Dealers §§ 4, 11.
[3] 47 Am Jur, Secondhand Dealers § 2.

that no law embrace more than 1 object (Const 1963, art 4, § 24; Independence Township Ordinance No 8 [1952], as amended).

4. SAME—ORDINANCE—JUNK YARD—POLICE POWER—DISCRIMINATION —PRE-EMPTION BY STATE.

Township ordinance defining junk yard as any establishment or premises where worn out or discarded material is bought, kept, sold, or stored, or any premises upon which 2 or more unlicensed used motor vehicles which cannot be operated under their own power are kept or stored for 15 days or more and requiring a license to operate a junk yard *held*, to be a valid exercise of township's police power and related to the health, safety, and welfare of the public, not to discriminate against defendants who kept on their property 40 or 50 cars without license plates or wheels, which were partially dismantled or badly damaged, and was not an attempt to legislate in a field pre-empted by the State (CL 1948, § 445.451; Independence Township Ordinance No 8 [1952], as amended).

Appeal from Oakland; Ziem (Frederick C.), J. Submitted Division 2 February 8, 1968, at Detroit. (Docket No. 2,421.)   Decided June 26, 1968.

John E. Roy and Jean J. Roy were convicted of operating or maintaining a junk yard without a license in violation of plaintiff township's ordinance. Defendants appeal. Affirmed.

*Paul M. Mandel,* for plaintiff.

*Anthony Renne,* for defendants.

BURNS, J.   An Oakland county circuit judge, sitting without a jury, found the defendants guilty of operating or maintaining a junk yard without a license in violation of Independence township ordinance No 8 (1952), as amended.

Defendants operated a gasoline service station and a towing service.   One witness testified that he saw between 40 and 50 cars stored on defendants'

lot.  Many of the cars did not have license plates or wheels, and were partially dismantled or badly damaged.  Defendants admitted keeping automobiles on their premises for a period in excess of 15 days after which time they would apply to the secretary of state for title.  Upon receiving title to the cars they would sell parts from the automobiles and eventually haul the remains to a scrap iron dealer.

Defendants' activities clearly became subject to the township's junk yard licensing ordinance when in 1963 the ordinance was amended by adding the following:

"A 'junk yard' as used herein is defined to be any establishment or premises where worn out or discarded material is bought, kept, sold and/or stored; any premise upon which two or more unlicensed used motor vehicles which cannot be operated under their own power are kept or stored for a period of 15 days or more shall be deemed to be a 'junk yard' within the meaning of this ordinance."

Defendants claim that the amendment was outside the scope of the enabling statute, CL 1948, § 445.451 (Stat Ann 1964 Rev § 19.731).  In *Toebe* v. *City of Munising* (1937), 282 Mich 1, 15, 16, the Court employed the following observation from 1 Dillon, Municipal Corporations (5th ed), § 237, pp 448, 449:

" 'It is a general and undisputed proposition of law that *a municipal corporation possesses and can exercise the following powers, and no others:* First, those granted in *express words;* second, those *necessarily or fairly implied* in or *incident* to the powers expressly granted; third, those *essential* to the accomplishment of the declared objects and purposes of the corporation,—not simply convenient, but indispensable.' "  (Emphasis in the original source.)

The State legislature has not defined "junk yard", and, therefore, the township possessed the implied

power to define the term. *Blumlo* v. *Hampton Township Board* (1944), 309 Mich 452.

We do not pass on the question whether Const 1963, art 4, § 24, applies to municipal ordinances since we are of the opinion that the definitional amendment to the ordinance in question did not embrace more than one object as argued by the defendants.

Defendants' assignments of error that the ordinance was not a valid exercise of the township's police power and not related to the health, safety and welfare of the public, that the ordinance was in fact a zoning ordinance, that it discriminated against the defendants, that it attempted to license parking on private property, and that it was an attempt to legislate in a field pre-empted by the State, are all answered negatively in *Netzel* v. *Township Board of Waterford Township* (1934), 267 Mich 220, and *Jourden* v. *Wyoming Township* (1960), 358 Mich 496, and do not require additional comment. The remaining issues submitted by the defendants are without merit.

Affirmed.

Holbrook and Peterson, JJ., concurred.