ISADORE P. RAPASADI et al., Respondents, v. GEORGE D. PHILLIPS et al., Appellants.

Third Department, November 9, 1956.

*Joe Schapiro* for appellants.

*Alexander A. Cerio* for respondents.

GIBSON, J. The judgment appealed from enjoined the operation of a commercial garage and repair shop in a residential zone, in violation of a zoning ordinance of the Village of Canastota. On the trial, plaintiffs waived their claim for money damages. The properties of the parties adjoin. The house which plaintiffs occupy was built by them in 1946 at a cost of $30,000. The front portion of defendants' lot is occupied by a multiple dwelling which is of brick construction and houses five families. The garage in question was constructed later of rough concrete blocks upon the rear portion of the lot and vehicular access to it is had by means of a right of way over a driveway 15 feet wide upon the rear portion of plaintiffs' property.

The original zoning ordinance was revised in 1940 and the garage business on defendants' premises was commenced subsequent to that time. The 1940 ordinance fixed zones by reference to a map. Defendants' contention that no map existed and that the ordinance was for that reason invalid was properly rejected by the Official Referee upon the testimony of the village clerk and upon the markings and date appearing on the map produced from the village office.

We find without merit, also, defendants' argument that revisions of the zoning ordinance in 1949 and 1954 rendered lawful the pre-existing commercial use of the premises, because each ordinance contained the usual provision permitting then nonconforming uses to continue and, further, repealed all prior inconsistent ordinances. Neither revision changed the classification of the area in which defendants' premises were located and the re-enactment of the provisions previously applicable thereto had the effect of continuing it without interruption. (General Construction Law, § 95.) It is equally clear that the nonconforming uses preserved were those which had theretofore been lawful and those which became nonconforming in areas where zoning changes were made by the new ordinances. Any contrary inference would impute an intent to legalize every existing violation in all zones not changed by the new ordinances.

The Official Referee was warranted in finding that defendants failed to establish their defense of laches. Defendants' proof was that Ernest Cook, a member of their family, repaired cars on the premises for several years prior to 1954, when the construction of a new garage apparently precipitated this action. The record does not show that prior to 1954 the commercial nature of this enterprise was known to plaintiffs. Plaintiffs denied knowledge that Cook did repair work except upon his own cars and those of some friends, and testified, further, that when they complained about the number of cars on the premises, defendants said that the cars were those of their tenants in the five-family dwelling and a number of old cars accumulated by Mr. Cook. Assuming, however, that a garage business was conducted and that plaintiffs knew of it, no affirmative action on their part induced a violation of the ordinance and the Official Referee was justified in finding that defendants failed to prove that plaintiffs' inaction in any way prejudiced defendants' position, prior to the erection of the new structure, at least, but that, on the contrary, defendants had whatever benefit the unlawful use entailed. (*Marcus* v. *Village of Mamaroneck*, 283 N. Y. 325.) On this record, we cannot say that when the new structure was commenced, plaintiffs were bound to anticipate that its use would be unlawful and to take immediate action " or forever after lose their right ". (*Marcus* v. *Village of Mamaroneck, supra,* p. 332.) Plaintiffs testified, as did one of the defendants, that following the erection of the new garage, an altogether different type of work was carried on. There was evidence of fleet truck storage and of work at all times of the day and as late as 10 and 11 o'clock at night, with lights and the accompanying noise of machinery in operation, motors racing, and fender and other

body repairs, as well as of automobile and truck traffic day and night over the common driveway.

We find without merit defendants' contention that plaintiffs' withdrawal, upon the trial, of their demand for money damages in some way vitiated the proof then in the case upon which the finding of detriment and damage was based. The Official Referee was justified in finding from the proof above alluded to that plaintiffs had sustained damage to their property sufficient to entitle them to sue to enjoin the violation of the ordinance. (*Marcus* v. *Village of Mamaroneck, supra; Rice* v. *Van Vranken,* 132 Misc. 82, affd. 225 App. Div. 179, affd. 255 N. Y. 541.)

Accordingly, we conclude that the judgment should be affirmed.

BERGAN, J. P., COON, HALPERN and ZELLER, JJ., concur.

Judgment affirmed, with costs.