## DRYSDALE v. BEACHNAU.

1. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—NONCONFORMING USE—ILLEGAL USE.
   A use maintained in the face of a lawful prohibition cannot become a legal nonconforming use under a municipal zoning ordinance.

2. SAME—ZONING ORDINANCE—NONCONFORMING USE—VIOLATION OF REGULATORY ORDINANCE.
   A violation of a provision of a regulatory ordinance does not necessarily destroy the lawfulness of the basic use, claimed to be a nonconforming use under zoning ordinance, where compliance with the regulation can be had on demand and actually follows demand for compliance.

3. TOWNSHIPS—GARBAGE DUMP—FINDINGS OF TRIAL COURT—EVIDENCE—VIEW OF PREMISES—NONCONFORMING USE.
   Finding of trial court, in suit by neighboring property owners to restrain operation of defendants' land-fill garbage dump because of claimed zoning ordinance violation, that defendants

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Zoning § 150.
[3] 3 Am Jur, Appeal and Error § 900.

were obeying all county and State regulations as to the conduct of such operation for the disposal of garbage outside of cities, which operation antedated passage of township zoning ordinance, *held*, supported by the record from which it appears the trial court not only heard testimony of witnesses but also viewed the premises; hence, nonconforming use not constituting a public nuisance is permitted to be continued.

Appeal from Ingham; Hughes (Sam Street), J. Submitted January 5, 1960. (Docket No. 9, Calendar No. 48,144.) Decided February 26, 1960.

Bill by William M. Drysdale and others against Anthony H. Beachnau and Eva A. Beachnau to restrain use of land as dump. Bill dismissed. Plaintiffs appeal. Affirmed.

*Robert M. Drysdale,* for plaintiffs.

*Roy T. Conley,* for defendants.

EDWARDS, J. This is an appeal from the denial by the Ingham county circuit court of plaintiffs' bill of complaint seeking to restrain the operation of defendants' garbage dump because of claimed zoning ordinance violation.

Plaintiffs are neighboring property owners in a rural area of Ingham county—the nearest of whose residences to the dump in question appears from the testimony to be 1/4 of a mile. They seek injunctive relief, relying on an agricultural zoning provision in a township zoning ordinance enacted in 1954.

Defendants contend that the garbage dump operation at the site in question preceded the enactment of the zoning ordinance and hence qualifies as a prior nonconforming use in accordance with such a provision in the zoning ordinance. They also contend that the dump is operated in compliance with the

health laws and ordinances by the daily land fill method.

Appellants' principal contention before this Court is that the dump was being operated in violation of Ingham county sanitary regulations at the time of the passage of the zoning ordinance and hence could not qualify as a lawful nonconforming use. They cite and rely on *Troutman* v. *Aiken,* 213 Ga 55 (96 SE2d 585); *Rapasadi* v. *Phillips,* 2 App Div 2d 451 (156 NYS2d 746).

In these cases it is clear that the use of the property prior to passage of the ordinance was unlawful. This Court, of course, recognizes that a use maintained in the face of a lawful prohibition cannot become a legal nonconforming use. See *Township of West Bloomfield* v. *Chapman,* 351 Mich 606.

See, also, *Leigh* v. *City of Wichita,* 148 Kan 607 (83 P2d 644, 119 ALR 1503).

In the instant situation, however, we note that the county health regulations were passed in 1948, that the zoning ordinance was passed in 1954, that the county health department did not contact defendants or object to their method of operation until March, 1957, and that no action was taken to have the dump declared unlawful prior to commencement of the present suit in October, 1957. The proofs also show that when the county health department finally contacted and instructed defendants as to the method of operation required, they promptly complied with all regulations. They were observing the regulations fully when this suit was instituted, and remained in full compliance therewith at the time decision was rendered in the trial court.

From the testimony presented in this case, the most that could be deduced about the defendants' operation in 1954 was that the method of handling garbage did not comply fully with the county health regulations. Plaintiffs point, however, to no ordi-

nance or statute forbidding the garbage operation itself as of the time of passage of the zoning ordinance. We do not believe that a violation of a provision of a regulatory ordinance necessarily destroys the lawfulness of the basic use where compliance with the regulation can be had on demand and where such compliance actually follows.

The circuit judge heard extensive testimony and, in company with the parties, visited and inspected the site. His opinion found as facts that defendants had proved a valid nonconforming use, that the operation as currently handled was not a public nuisance, and he dismissed the bill. In so doing he relied on *Township of Kalamazoo* v. *Kalamazoo Garbage Co.*, 229 Mich 263, wherein this Court said (p 264):

"I cannot imagine a location more admirably adapted for the maintenance of a piggery than the one in question."

The circuit judge said further in relation to the instant case:

"The proofs do not establish a health hazard. Phillip Shirley, director of division of sanitation, Ingham county health department, testified that he gave no instructions to defendants prior to March, 1957; that defendants are obeying all county and State regulations; no violations for the past year; one of the problems of the health department is the disposal of garbage; that the land fill is the best method outside cities; and that the land fill of defendants is the best operated one of the 3 in Ingham county. This testimony indicates that there was no equitable grounds for restraining the defendants from carrying on their business at the time of the filing of the suit nor at the time of trial."

A review of this record justifies the findings of fact contained in the decree of the chancellor. He

viewed the premises and heard the witnesses, and perforce we place much reliance upon his findings. *Blough* v. *Steffens*, 349 Mich 365.

Affirmed. Costs to appellees.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Kavanagh, and Souris, JJ., concurred.