23688. GLENDALE ESTATES, INC. v. MAYOR & CITY COUNCIL OF AMERICUS.

SUBMITTED SEPTEMBER 13, 1966—DECIDED OCTOBER 13, 1966.

*Ellis & Ellis, George R. Ellis,* for appellant.
*William E. Smith,* for appellee.

ALMAND, Justice. The judgment under review is one sustaining a general demurrer to a petition seeking injunctive relief.

The amended petition stated the following case. In May, 1964, Glendale Estates, Inc., was in the process of constructing a court for renting or leasing space or pads to owners of mobile homes. The land upon which the court was being constructed consisted of 15 acres lying adjacent to the city limits of the City of Americus. Being desirous of obtaining an adequate supply of water for the court, an officer of the plaintiff discussed the matter with officers of the city. At a meeting of the officer of the plaintiff with the mayor and several councilmen of the city, the city attorney advised that the city could not legally supply water outside the city, and it was agreed that the city would annex the area upon which the court was to be constructed; that plaintiff would put in one master water meter through which all the water supplying the several mobile home spaces would flow and that the plaintiff would have full responsibility for keeping and maintaining the water system on the mobile home court. At no time was anything said about charging $3.25 a month for each mobile home unit. The property was annexed, and under the supervision of the city officials, a water main connecting the city system with plaintiff's property was installed by the plaintiff at its expense. In addition, plaintiff constructed a supply line to each mobile home pad. A few months thereafter, the plaintiff discovered that the city was making a monthly charge of $3.25 for water supplied to each mobile home space. The petition sets out a copy of Section 26-3 of the Code of Ordinances of the City of Americus which provides for a minimum monthly charge to users of water inside the city of $3.25.

The petition also sets out an amendment to Section 26 adopted on October 14, 1965, which provides as follows: "Section 26-6. Water meters, separate connections required. (a) Each house, store, building, place of business, or residential premise which desires to have water service shall have a separate meter and be separately connected to said meter, except as herein provided. (b) A residential premise is defined as being: (1) A single family apartment unit; (2) A single family dwelling house; (3) A single family mobile home dwelling unit. (c) Where a multiple residential premise is served through a master meter, the owner of the multiple residential premise will be required

to pay a minimum water rent or charge on each single family residential premise, whether occupied or not, located upon the multiple residential premise, plus any excess water used above such minimum rent or charge. (d) Where a multiple residential premise is served through a master meter, the bill for such water charge shall be to the owner of the property served by such master meter."

The plaintiff contended (a) that the city has violated the agreement and understanding that all of the mobile home spaces would be served by one master meter; (b) that the charge for each space is excessive and beyond the established legal rate; (c) that the charge is discriminatory and arbitrary; and (d) that the charge is a tax and violates certain stated provisions of the Federal and State Constitutions.

■ (a) The monthly minimum rate of $3.25 upon each "single family mobile home dwelling unit" is for the purchase of water supplied by the city and is not a tax. *Collier v. City of Atlanta,* 178 Ga. 575 (173 SE 853).

(b) The plaintiff contends that the city is bound by its agreement that in the event of annexation of its property to the city, the city would not charge the plaintiff in the future for the use of water in excess of the amount shown on the master meter. Such an agreement being ultra vires, it would not be binding on any future mayor and council and prevent them from enacting an ordinance changing or altering the terms of the purported agreement. "One council may not by an ordinance bind itself or its successors so as to prevent free legislation in matters of municipal government." *Code* § 69-202. "The fixing of water rates, from time to time, by a municipality, is a legislative and governmental power, and one council may not, by contract or ordinance, deprive succeeding councils of this legislative or governmental power. *Code* § 69-202; *Horkan v. Moultrie,* 136 Ga. 561, 563 (71 SE 785); *Screws v. Atlanta,* 189 Ga. 839, 843 (8 SE2d 16); *Barr v. City Council of Augusta,* . . . [206 Ga. 750 (58 SE2d 820)]." *Barr v. City Council of Augusta,* 206 Ga. 753 (2) (58 SE2d 823). The allegations in the petition show that the city did amend its ordinance relating to water rates covering the water service to a multiple residential premise which is applicable to the plaintiff's mobile home property.

■ ".The business affairs of a municipality are committed to the corporate authorities, and the courts will not interfere except in a clear case of mismanagement or fraud." *McMaster v. Mayor &c. of Waynesboro*, 122 Ga. 231 (5) (50 SE 122). "[I]n cases involving the rates of a city owned and operated waterworks system, it will be presumed, in the absence of a clear showing to the contrary, that the city's governing body properly performed its official duty, and did not exceed its authority, in fixing· the city's water rates, adjusting them between the consumers upon a difference in conditions of service." *Jarrett v. City of Boston*, 209 Ga. 530, 531 (74 SE2d 549, 40 ALR2d 1327).

■ The allegations in the petition are insufficient to show that the amended ordinance of October 14, 1965, fixing the rates affecting plaintiff's multiple units of mobile homes is unconstitutional or invalid because. it is arbitrary or discriminatory.

The court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*