WARHOLAK v NORTHFIELD TOWNSHIP SUPERVISOR

1. LICENSES—TOWNS—TOWNSHIPS—JUNKYARDS—ESTOPPEL.

    A plaintiff seeking to establish a junkyard business has the responsibility of learning the licensing requirements, and a township is not estopped, because of misinformation given to the plaintiff by the township clerk, from applying the requirements of a new junkyard resolution to an application filed pursuant to a previous resolution, but after the effective date of the new resolution.

2. LICENSES—JUNKYARDS—TOWNSHIPS—PENALTIES—STATUTES.

    A statute which authorizes a township to license and regulate junkyards does not authorize the township to impose a penalty; therefore a township junkyard licensing resolution was not subject to the statutory requirement that an ordinance which imposes a penalty shall not take effect until 30 days after first publication of such ordinance because there could be no penalty under the resolution (MCLA 19.731, 41.191).

3. LICENSES—ZONING—LAND USE REGULATIONS—TOWNSHIPS—RESOLUTIONS—JUNKYARDS—CASE PRECEDENT.

    Land use regulations imposed by a township board by means of a resolution for the licensing and regulation of junkyards and pursuant to state statute authorizing such resolutions may be held valid under case precedent.

4. APPEAL AND ERROR—REVIEW—FINDINGS OF FACT—FINDINGS OF LAW—ZONING—NON-CONFORMING USE—VESTED RIGHTS.

    A finding by a trial court that a plaintiff, in attempting to establish a junkyard, had not changed or physically altered his land in a significant manner by knocking down an old shed, putting up a sign, and erecting some fences, and thus did not establish a vested right in the use as a junkyard, is not

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 58 Am Jur, Zoning §§ 92, 93.

    Junkyards: validity, construction, and application of zoning ordinance relating to operation of junkyard or scrap metal processing plant. 50 ALR3d 837.

[4] 58 Am Jur, Zoning §§ 229–231.

disturbed by the Court of Appeals where it is not persuaded by a reading of the record that it would have reached a different result had it been the trial judge.

Appeal from Washtenaw, Patrick J. Conlin, J. Submitted Division 1 June 27, 1974, at Detroit. (Docket No. 17701.) Decided January 6, 1975. Leave to appeal applied for.

Complaint for mandamus by Frank Warholak against the Northfield Township Supervisor, Northfield Township Clerk, Northfield Township Board, and Northfield Township Planning Commission. Defendants counterclaimed, seeking injunctive relief. Judgment for defendants. Plaintiff appeals. Affirmed.

*Liberson, Fink, Feiler, Crystal & Burdick, P. C.,* for plaintiff.

*Devine & Devine,* for defendants.

Before: BASHARA, P. J., and DANHOF and CHURCHILL,* JJ.

CHURCHILL, J. Plaintiff-appellant owns a parcel of approximately five acres in Northfield Township, Washtenaw County. He purchased the land for the purpose of starting a junkyard business thereon and has made a determined effort to establish the legal right to do so. Township officials have been equally determined to stop the plaintiff from doing so. The principal events in the ongoing contest are set forth chronologically.

In 1954 the township adopted a junkyard licensing resolution pursuant to Act 12, Public Acts of 1929; MCLA 445.451 *et seq;* MSA 19.731 *et seq.* In 1971 the township adopted a zoning ordinance. The parcel subsequently purchased by the plaintiff

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was zoned industrial, although the predominant land uses in the area were agricultural and residential. The 1954 resolution and the 1971 ordinance each imposed certain technical requirements on the establishment of a junkyard by the plaintiff. It is undisputed, however, that neither would ultimately prevent him from doing so.

After checking into the ordinance classification, the plaintiff purchased the land on February 22, 1972, and closed the purchase on April 14, 1972. On April 18, 1972, he began to make certain improvements with the object of establishing a junkyard.

On May 16, 1972, the township adopted a new junkyard licensing resolution, effective by its terms on May 22, 1972. On June 13, 1972, the plaintiff filed an application for a junkyard license under the pretext that the 1954 resolution was still in effect. On June 20, 1972, the Township Board, applying the licensing requirements of the May 16, 1972 resolution, denied the application.

On July 11, 1972, the Township Board made an effort to amend the zoning ordinance. It is undisputed that this amendment was ineffective for technical reasons.

On July 14, 1972, the plaintiff commenced suit to obtain a writ of mandamus requiring township officials to issue him a license. The defendant township filed a counterclaim for an order requiring the plaintiff to remove a fence he had erected and to enjoin the use of his land as a junkyard.

On December 19, 1972, the township amended the zoning ordinance, changing the classification of the plaintiff's land from an Industrial District classification to a Low-Density Residential District classification.

On July 8, 1973, after a trial, the trial court

filed findings of fact, directing the entry of judgment of no cause of action against the plaintiff and entry of an injunction as prayed for by the township. From the judgment entered pursuant thereto on July 11, 1972, the plaintiff appeals as of right.

The plaintiff's failure to make an application for a license before the effective date of the new junkyard licensing resolution was due, in part, to the Township Clerk's lack of knowledge of the existence of the 1954 resolution, and resulting misinformation given to the plaintiff by the Clerk. Relying on *Jourden v Wyoming Township,* 358 Mich 496; 100 NW2d 284 (1960), the trial judge correctly ruled that it was the responsibility of the plaintiff to learn of the licensing requirements, and that the township was not estopped from applying the requirements of the new resolution to an application filed after its effective date. See also *Fass v Highland Park,* 326 Mich 19; 39 NW2d 336 (1949).

The plaintiff, for the first time on appeal, argues that the May 16, 1972 junkyard resolution imposed a penalty and therefore could not take effect until 30 days after publication because of the provisions of Act 191, Public Acts of 1939; MCLA 41.191; MSA 5.6(1). That law provides that if an ordinance shall impose a penalty for the violation of any provision thereof, such ordinance shall not take effect until 30 days shall have elapsed after the first publication of such ordinance. We need not determine if a legislative authorization for a township to impose a penalty provision by resolution would be voided by this statute. The act which authorized townships to license and regulate junkyards does not authorize the township to impose a penalty. It is the state law itself which imposes the penalty. MCLA 445.408; MSA 19.718. Upon an

alleged violation it would properly be prosecuted as a violation of the state statute.

Finally, with respect to the May 16, 1972 resolution, plaintiff complains that it is void because it imposes land use regulations not enacted as part of a zoning ordinance and not enacted with the solemnities of a zoning ordinance. It provides that no license shall be granted when any part of the premises proposed to be used shall lie within 1,000 feet from the nearest point of any property used for a church, synagogue, school, public library, hospital, sanitarium or private residence. It also provides that no license shall be granted when any part of the premises shall lie within 300 feet of an intersection, and further that no license shall be granted unless 50% of the property fronting on the public highway on each side of the proposed location, for a distance of 1/2 mile, is used for business purposes. These are indeed land use regulations. On the authority of *Jourden, supra,* we conclude that they are valid.

The plaintiff claims he had an established nonconforming use prior to the adoption of the 1972 licensing resolution and prior to the amendment of the zoning ordinance, and further that because he could have complied with the 1954 resolution he has an established right to operate a junkyard.

"It is frequently said that a use must not only be commenced before a zoning restriction becomes effective, but also that it must be lawfully established and operated. * * * And there is a lack of harmony in the decisions as to whether or not a use in existence at the effective date of a zoning law can be considered a nonconforming use where it was established or continued without full compliance with licensing requirements, * * * ." (footnotes omitted) 8A McQuillin Mun Corp (3rd ed) § 25.186, pp 27–28.

"We do not believe that a violation of a provision of a

regulatory ordinance necessarily destroys the lawful-ness of the basic use where compliance with the regula-tion can be had on demand and where such compliance actually follows." *Drysdale v Beachnau,* 359 Mich 152, 155; 101 NW2d 346, 347 (1960).

If a failure to make a timely application for a license under the original resolution was the plain-tiff's only problem in establishing a nonconforming use prior to adoption of the 1972 resolution and zoning amendment, then he would be entitled to sympathetic treatment by a court of equity.

With respect to the plaintiff's activities on his land the trial court made the following findings:

"During the time from April 18 on, the plaintiff proceeded to knock down an old shed and put up a sign stating 'Frank's Auto Parts' and proceeded to erect some fences. All of this work apparently was done immediately after the 17th of April, 1972, except for the fencing, some of which was done at a later date prior to May 27, 1972."

Relying primarily upon *City of Lansing v Daw-ley,* 247 Mich 394; 225 NW 500 (1929), for the standard to be applied, the trial court concluded that the plaintiff had not changed or physically altered his land in a significant manner, and that the plaintiff did not establish a vested right in the particular use. See also *Sandenburgh v Michi-gamme Oil Co,* 249 Mich 372; 228 NW 707 (1930). As in *Township of Fruitport v Baxter,* 6 Mich App 283; 148 NW2d 888 (1967), the findings of fact by the trial judge that nonconformance in a reason-ably substantial manner was not shown here is not disturbed for the reason that a reading of the record does not persuade us we would have reached a different result had we been the trial judge. Furthermore, the original zoning ordinance

was violated in that the plaintiff did not obtain a conditional permit and he did not comply with the applicable set-back requirements.

The plaintiff has failed to convince us that his rights have been violated in any respect and the judgment of the trial court is affirmed.

No costs, a public question.

All concurred.