## 29642. VINSON et al. v. HOME BUILDERS ASSOCIATION OF ATLANTA et al.

HALL, Justice.

This is a class action by swimming pool owners and others, seeking to enjoin the enforcement of certain swimming pool regulations adopted by the defendants, members of the DeKalb County Board of Health, on grounds that those regulations exceed the board's authority which does not extend to matters of safety as distinguished from health. As agreed by the parties, the issue presented by the lawsuit is as follows: "Do the powers granted by the Legislature to County Boards of Health, contained in Georgia Laws 1964, Page 499 at 513 (codified in Georgia Code Section 88-204) authorize said Boards of Health to adopt and enforce rules and regulations which require attendants, lifeguards, safety equipment, gates and fences at swimming pools of apartments, subdivisions, condominiums, and other

similar locations which are for the use of families, guests and others, but not open to the general public for use on payment of admission charges, when these steps are considered by the County Board of Health as necessary to prevent and suppress disease and conditions deleterious to health?"

The superior court ruled that the provisions of Code Ann. § 88-204 authorizing county boards of health to enact regulations "to prevent and suppress disease and conditions deleterious to health" do not include matters relating to public safety, and answered the issue presented "No." We affirm.

It is axiomatic that the state under its police power can enact regulations in the interest of public health and safety. *Cooper v. Rollins,* 152 Ga. 588 (110 SE 726, 20 ALR 1105). It also follows that like powers can be granted to municipal or county governmental bodies. *Abel v. State,* 64 Ga. App. 448 (13 SE2d 507). However, an ordinance cannot be enacted as a health measure unless it has some reasonable relation to the public health. We decline to rule, as defendants urge, that traumatic death or drowning is "deleterious to health," within the meaning of the statute and that safety regulations to prevent those occurrences are within the scope of the board's powers.

*Henry Grady Hotel Corp. v. Watts,* 119 Ga. App. 251 (167 SE2d 205), a decision relied upon by defendants, is not a binding precedent in the Court of Appeals for the reason that only two judges concurred therein (Court of Appeals Rule 26 (c); Code Ann. § 24-3626), and the holding is moreover disapproved by this court.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 10, 1975 — DECIDED MARCH 12, 1975.

*Wendell K. Willard,* for appellant.

*Swertfeger, Scott, Pike & Simmons, M. H. Blackshear, Jr.,* for appellees.

*Arthur K. Bolton, Attorney General, Dorothy Y. Kirkley, Assistant Attorney General,* amicus curiae.