## 34558. ROCKDALE COUNTY et al. v. MITCHELL'S USED AUTO PARTS, INC. et al.

HALL, Justice.

In 1978 a suit was brought by numerous Rockdale County business concerns challenging the constitutionality of a newly-enacted county ordinance requiring a fence and buffer space around all open storage and junkyard businesses. Section 4 of the ordinance provided a variance procedure. Without hearing any evidence, the trial court ruled that the ordinance was valid for future businesses but was invalid on its face as applied to preexisting businesses, and that such preexisting businesses must be either "grandfathered" into the regulation scheme or proceeded against by eminent domain. The county appeals the ruling concerning preexisting businesses, and we reverse.

The attack on the ordinance is that it is for beautification purposes only and thus is invalid under *State Hwy. Dept. v. Branch,* 222 Ga. 770 (152 SE2d 372) (1966). We disagree. The regulation of junkyards in promoting the community's health, morals, safety and welfare is a traditional police power function. *Shurman v. City of Atlanta,* 148 Ga. 1 (95 SE 698) (1917). The Constitution requires, however, that the regulations not be unreasonable, arbitrary or capricious, and that the means adopted have some real and substantial relation to the object to be attained. See generally Annots., Zoning Ordinance — Scrap Metal Plants, 50 ALR3d 837 (1973); Regulation of Junk Dealers, 45 ALR2d 1391, § 17 (1956).

Moreover, though we find no Georgia case directly in point, well reasoned decisions from other jurisdictions have upheld very similar fencing and setback requirements for junkyards and have applied them to preexisting businesses. E.g., Rotenberg v. City of Fort Pierce, 202 S2d 782 (Fla. App. 1967); Lenci v. City of Seattle, 63 Wash. 2d 664 (388 P2d 926) (1964); Vermont Salvage Corp. v. Village of St. Johnsbury, 113 Vt. 341 (34 A2d 188) (1943). Cf., Warholak v. Northfield Township Supervisor, 57 Mich. App. 360 (225 NW2d 767) (1975); Cox v. Township of New Sewickley, 284 A2d 829 (Comm.

Ct. of Pa. 1971). There are, of course, decisions finding particular regulatory schemes invalid. E.g., State v. Vestal, 281 N.C. 517 (189 SE2d 152) (1972). It follows that the trial court erred in ruling the ordinance unconstitutional on its face as applied to existing businesses. The case must be remanded for a hearing at which plaintiffs may introduce evidence attempting to show that the ordinance is unconstitutional as applied to them. See generally *Pope v. City of Atlanta,* 242 Ga. 331 (249 SE2d 16) (1978); *Cross v. Hall County,* 238 Ga. 709 (235 SE2d 379) (1977) (and concurring opinion); *Wilder v. State,* 232 Ga. 404 (207 SE2d 38) (1974).

The ordinance enjoys a presumption of validity. See *Hall Paving Co. v. Hall County,* 237 Ga. 14 (226 SE2d 728) (1976).

*Judgment reversed and remanded. All the Justices concur, except Jordan, Bowles and Marshall, JJ., who concur in the judgment only.*

ARGUED FEBRUARY 20, 1979 — DECIDED APRIL 5, 1979.

*Hall, White & Spix, Lloyd E. N. Hall,* for appellants. *James H. Weeks,* for appellees.