59027, 59028. DEPARTMENT OF TRANSPORTATION v. GARRETT et al. (two cases).

DEEN, Chief Judge.

These condemnation cases raise the single question of whether a flawed attempt by the appellant's predecessor, the State Highway Department, to condemn 40 feet of frontage along Moreland Avenue owned by predecessors in title of the Garretts was completely void. The appellant in the present case has filed eminent domain proceedings seeking to extend the width of Moreland Avenue to 100 feet; it contends that by virtue of the 1935 action it now owns an 80 foot right of way whereas the Garretts contend that, the 1935 action being void, it only owns a 40 foot right of way at the present. The trial court sustained the defendants' contentions and granted their motion for partial summary judgment. We affirm.

1. It must first be stated in favor of the view taken by the Department of Transportation that these proceedings are in rem, proceeding primarily against the property itself although subject to the claims of any person owning an interest therein. As to such proceedings it is generally held that in rem proceedings involving eminent domain takings, where there has been an error as to the true owner of the property such that the true owner has not in fact been given notice and an opportunity to be heard, will not absolutely void a completed proceeding, and the true owner cannot have the judgment set aside, but is relegated to a claim in personam based on his right to compensation. 1 Nichols, Law of Eminent Domain, 3rd Ed., § 142 [3] and [5]. Generally, a failure by the condemnor to join one owner in a condemnation proceeding, after the judgment in the case has become final, invalidates the proceeding only as to himself. Delfeld v. City of Tulsa, 131 P2d 754 (8) (Okla.) (1942); Lo-Vaca Gathering Co. v. Earp, 487 SW2d 789 (5) (Tex.) (1972). In Georgia it is well established that where the owner is not named or served in a three-appraiser proceeding, and neither acknowledges nor waives service, "a judgment rendered in such proceeding is void, though the court had jurisdiction of the subject matter." *Chattooga County v. Scott,* 215 Ga. 68 (2) (108 SE2d 876) (1959). In that case the plaintiff owner did in fact discover and bring an action to set aside the judgment within the three-year period required by Code § 3-702. This is apparently essential

unless, as stated in *City of Savannah Beach v. Thompson,* 135 Ga. App. 63, 66 (217 SE2d 304) (1975) "the award is void on its face and useless for any purpose, including the primary one of being the basis for a judgment of the court."

2. We now examine how the facts of this case fit into this legal framework. On October 2, 1926, M. B. Dunbar received a warranty deed to the property involved from one Nancy Beers and executed a deed to secure debt back to her. On October 6, 1926, he executed a warranty deed "in trust" to the Atlanta Title and Trust Company, the predecessor of the Atlanta Title Company. On June 8, 1935, the State Highway Department filed a petition seeking judicial determination and three-assessor award for a judgment in rem "upon payment of just and adequate compensation therefor to the person or persons entitled to such payment." Beers was designated an owner, as was Dunbar, but no mention was made at any time during the proceedings of the Atlanta Title and Trust Company although its deed had been properly filed of record. It was not named or served and did not appear or waive service. From here on the record is a comedy of errors. The superior court entered an order dated December 18, 1935, finding that the defendants had not appointed an assessor, and undertook to do so for them (although this task is by statute given to the probate judge), stating in the order that the property "be and it is hereby condemned," finding service perfected and setting a rule nisi for the distribution of funds to be subsequently awarded. The assessors, or at least two of them, agreed on damages and ordered them paid into the court. There is no indication in the record that this was ever done. Neither was a final judgment of condemnation in fee entered *after* payment of the award into the registry of the court as required by Code § 36-1111 nor was any decree filed and recorded in the deed office as required by Code § 36-1116. A failure to comply with a somewhat similar requirement of Code § 36-508 to record the assessors' award in the office of the clerk of court was held not dispositive of the issue in *Landers v. Ga. Pub. Serv. Comm.,* 217 Ga. 804, 810 (125 SE2d 495) (1962). Code § 36-508 has to do with a proceeding by assessors which does not depend for its validity upon judicial action. Code § 36-1116 is activated when a petition is filed in the superior court and judicial supervision is sought. And under Code § 36-606 it is provided that the interest in the property becomes vested in the condemnor only upon payment "and final judgment on appeal." The order of court of December 18, 1935, which is the last entry appearing in that condemnation case, reflects that it was made prior to the appointment of assessors, prior to any award, prior to payment of

any sums into court, and prior to any final decree, and therefore it was not such a judgment "filed and recorded in the records of deeds" as required by the statute.

3. Nothing further appears until July, 1937, when Beers, who had been listed as an owner in the 1935 condemnation proceeding, foreclosed on the property. From there on the chain of title from Beers to the Garretts is clear. But the condemnation itself, which failed of completion and which failed to give any notice to the record owner, does not show entitlement to the right of way in the condemnor. If the action be thought of as in personam it failed utterly as providing neither service nor notice to the record owner. If thought of as entirely in rem, it failed to conclude the taking under Chapter 36-11 in the most basic respects: not having the award paid into court, not distributing it to the owners, not entering a final decree, and not filing a judgment of taking with the superior court deed records. The 1935 action was therefore void and subject to collateral attack.

4. But, the appellant contends, this is a summary judgment proceeding, and the title holder *might* have known of the proceedings, the fund *might* have been distributed, there *might* have been an estoppel through use or acquiescence, and so on. We agree that all reasonable inferences must be indulged against the movant. But if, indulging such inferences, the record shows nothing contrary to the conclusion reached, then the burden is upon the opposing party to show the likelihood of the existence of contrary evidence, since "it is the duty of each party at the hearing on the motion for summary judgment to present his case in full." *Summer-Minter & Assoc., Inc. v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173) (1974).

The trial court properly granted a partial summary judgment to the condemnees, thus adjudicating that no part of the Moreland Avenue right of way accrued to the condemnor by virtue of the 1935 proceedings.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED JANUARY 10, 1980 — DECIDED MARCH 21, 1980.

*Beryl Weiner, Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, John R. Strother, Jr., Assistant Attorney General,* for appellant.

*Kenneth L. Millwood, Max Olim, George A. Pindar, Robert Strickland, Jr., Robert W. Beynart,* for appellees.