73152. KIRK et al. v. LITHONIA MOBILE HOMES, INC. et al.
(352 SE2d 788)

SOGNIER, Judge.

Lonnie Kirk, individually and as administrator of the estates of his wife, Debbie Kirk, and stepdaughter, Dorothy Herring, brought this wrongful death action against Lithonia Mobile Homes, Inc. and a parcel of real estate located in Rockdale County, Georgia. Kirk's wife and stepdaughter died in a fire in a mobile home rented by Kirk and his wife from Lithonia Mobile Homes which was located in a mobile home park on the real estate. The trial court denied Kirk's motion for

partial summary judgment and granted summary judgment in favor of Lithonia Mobile Homes and the real estate. This appeal ensued.

1. We note initially that although no issue has been raised before this court as to the capacity of the real estate to be sued, the claims made in this case against the real estate are not in rem, i.e., are not against the property itself. See generally *Dept. of Transp. v. Garrett*, 154 Ga. App. 104 (1) (267 SE2d 643) (1980). Rather, appellant seeks only monetary relief for personal injury against the real estate. Since real estate cannot be considered a legal entity for purposes of this in personam action, see generally *Western &c. R. Co. v. Dalton Marble Works*, 122 Ga. 774 (50 SE 978) (1905), we dismiss appellant's appeal insofar as the real estate is concerned. We further note that appellant is entitled to pursue a claim for wrongful death as the administrator of the estate of his stepdaughter only if her natural father is unavailable to pursue those claims. OCGA §§ 19-7-1 (c); 51-4-5 (a). See *DeLoach v. Floyd*, 160 Ga. App. 728, 729 (1), (2) (288 SE2d 65) (1981). Although it is uncontroverted that appellant is neither the natural nor adoptive father of the child, there is no evidence in the record indicating the existence of the natural father. However, the issue of appellant's authority to bring this claim as administrator of the estate of his stepdaughter has not been raised in this appeal and therefore we make no decision in this regard.

2. Appellant contends the trial court erred by granting appellee's motion for summary judgment and by denying appellant's motion for partial summary judgment made on the issue of liability asserting appellee was negligent as a matter of law. The trial court's ruling was based on the construction of three Rockdale County ordinances. Appellant stipulated in the record to a finding of fact by the trial court that appellant's sole claim of negligence involved appellee's alleged violations of these ordinances. The trial court determined that the ordinances, which require the installation of smoke alarm devices and portable fire extinguishers or water standpipe systems under certain circumstances, are not applicable to mobile homes such as the one appellant and his decedents occupied.

We find no error in the trial court's ruling insofar as the ordinance contained in the Rockdale County Standard Building Code (1982 edition) is concerned. Under the plain and unambiguous language of § 101.4 of the Standard Building Code, this code is not applicable to the 1963 mobile home in question here since the mobile home constituted neither "new construction" nor an "existing building" to which "alteration, repair or rehabilitation" work had been performed as of the effective date of the Standard Building Code.

We further find no error in the trial court's ruling insofar as § 18.205 of the Standard Fire Prevention Code (1976 edition) is concerned. Section 18.205, entitled "Fire Extinguishers in Auto & Trailer

Camps," requires the installation and maintenance of a water stand-pipe system or portable fire extinguishers in trailer camps. Appellant argues that a mobile home park is a "trailer camp" under this provision. "[I]t is an elementary rule of statutory construction that, absent clear evidence to the contrary, words should be assigned their ordinary, logical, and common meaning." *Curlee v. Mock Enterprises*, 173 Ga. App. 594, 600 (4) (327 SE2d 736) (1985). See also OCGA § 1-3-1 (b). We agree with the trial court that the ordinary, logical and common meaning of "camp" as expressed in the portion of the Standard Fire Prevention Code before us is a place for travelers or temporary lodgers. It is undisputed that the mobile home park operated by appellee is not operated for travelers or temporary lodgers, but is established for permanent residents. This construction of the term "trailer camp" as used in this portion of the Standard Fire Prevention Code is further supported by an examination of § 6-4001 (4) of the Rockdale County Ordinances, included in the trial court's order, which specifically excludes from the definition of mobile home "a trailer designed and intended to be used temporarily for recreation purposes." See also OCGA § 31-28-1 (tourist court defined as dwelling unit for tourists and travelers and specifically including "*trailer* parks" and "*trailer* courts"); former OCGA § 8-2-131 (mobile home defined as a portable dwelling for "year round occupancy"). Thus, we agree with the trial court that the ordinance in question is inapplicable in this case to a mobile home located in a mobile home park and the trial court did not err by granting summary judgment in favor of appellee on this issue. See generally OCGA § 9-11-56 (c); *State Farm &c. Ins. Co. v. Hancock*, 164 Ga. App. 32, 34 (295 SE2d 359) (1982).

The remaining ordinance under consideration is § 18.206 (a) of the Standard Fire Prevention Code which provides that "[e]very dwelling and every dwelling unit within an apartment house, condominium, townhouse, motel and hotel, and every basement or cellar within such dwellings shall be provided with an approved listed smoke detector. . . ." The trial court determined that the prepositional phrase, "within an apartment house, condominium, townhouse, motel and hotel," modifies both "every dwelling unit" and "every dwelling," thereby delimiting the required installation of smoke detectors to those types of multiple-occupant housing listed in the prepositional phrase. Appellant argues that the reasonable construction of the ordinance is one in which the prepositional phrase modifies only "every dwelling unit." The ordinance under this construction would thereby require every dwelling to have smoke detectors as well as every dwelling unit within an apartment house, condominium, etc. Thus, under appellant's construction, the ordinance would apply to mobile homes when used as dwellings, as is the case in this appeal.

It is axiomatic that when the language of a statute is plain and

susceptible of but one construction, the courts have no authority to place a different construction on the statute, but must apply it according to its own terms. *Thompson v. Ga. Power*, 73 Ga. App. 587 (37 SE2d 622) (1946). See also *Mullins v. First Gen. Ins. Co.*, 253 Ga. 486, 487 (322 SE2d 265) (1984). Here, however, the language of the ordinance is ambiguous and susceptible of more than one construction; further, both of the constructions proffered are reasonable, sensible and render the ordinance valid rather than invalid. See generally *Mayor & Council of Hapeville v. Anderson*, 246 Ga. 786, 787 (272 SE2d 713) (1980). "[W]here an ambiguity exists the construction of the statute is in the hands of the court. [Cit.] Of course, the cardinal rule in construing a statute is to seek the intention of the legislature. [Cits.]" *Eason Publications v. Atlanta Gazette*, 141 Ga. App. 321, 324 (233 SE2d 232) (1977).

In looking to which of the two reasonable and sensible interpretations best carries out the legislative intent, this court is placed in a dilemma by the state of the record, which contains only snippets and gobbets of the Rockdale County code in question. Reference to the other ordinances included in the record is unfruitful in that the only other ordinance regarding the installation of smoke detectors, § 1125 of the Standard Building Code, employs virtually identical language and thus contains the same ambiguity.

In determining the meaning of an ordinance, the court is bound by the rules of statutory construction. *Northwestern &c. Ins. Co. v. McGivern*, 132 Ga. App. 297, 300 (1) (208 SE2d 258) (1974). Thus, in the absence of legislative intent or contextual references to aid this court in its decision, we turn to the rules of statutory construction in regard to the nature of the ordinance itself. "An ordinance intended to promote the public safety should receive a reasonable and practical interpretation to that end. [Cit.]" Id. "Thus, when we are considering the right to legislate in the interest of public health, public safety, and public morals, the court should interpret broadly and liberally." *Abel v. State*, 64 Ga. App. 448, 452 (13 SE2d 507) (1941).

Appellant's construction of the ordinance presents a broader and more liberal construction of § 18.206 (a) in that it extends the safety feature which is the subject of the ordinance, i.e., the installation of smoke detectors, to the dwellings of the public at large rather than just to the dwellings of those persons occupying apartment houses, condominiums, townhouses, motels or hotels. Although it may well be that the intention of the Rockdale County legislators, as found by the trial court, was solely to provide for smoke detectors in certain denominated classifications of buildings, this intent was not expressed in the language of the ordinance and there is nothing in the record to convey this more limited legislative intent either to the trial court or to this court. Therefore, we agree with appellant that his construction

of § 18.206 (a) is more in accord with the above cited rules of statutory construction and hold that the, trial court erred by finding the ordinance to be inapplicable to mobile homes used as dwellings.

We do not agree with appellee that § 1.10 of the Standard Fire Prevention Code offers a valid alternative ground for the trial court's decision. Contrary to the trial court's finding, the ordinance does not place the duty of installing a smoke detector on the occupant of the dwelling rather than the owner. Rather, the ordinance provides a penalty for one who either permits "any fire hazard" to exist on premises under his control or fails to act "to abate a fire hazard" when ordered or notified to do so. The ordinance then addresses the issue on whom the duty to comply with such an order is placed. This ordinance is thus wholly inapplicable to the facts of the case sub judice.

Accordingly, the trial court erred by granting summary judgment in favor of appellee. No error was committed by the trial court's denial of appellant's motion for partial summary judgment on the issue of liability, however, in that "it still remains a jury question as to whether or not such negligence [in violating an ordinance promoting public safety] was the proximate cause of the injury. [Cit.]" *McGivern*, supra at 301 (2).

3. In view of our resolution of the appeal, appellee's motion to assess damages against appellant for frivolous appeal under Court of Appeals Rule 26 (b) is denied.

*Judgment reversed in part; appeal dismissed in part. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 5, 1987 —
REHEARING DENIED JANUARY 16, 1987 — 

*George P. Graves*, for appellants.
*Donald F. Daugherty*, for appellees.