A95A1724. POYTHRESS et al. v. WILKINS et al.
(462 SE2d 423)

BEASLEY, Chief Judge.

Plaintiffs, owners of a mobile home park in Effingham County, filed this complaint against the Tax Commissioner and Board of Commissioners (the "Board") of Effingham County.

The Board established special districts for the provision of fire protection and solid waste management services. To provide partial funding for such services, the Board through resolutions imposed an annual assessment to be levied on all "dwelling units" in the sanitation district, and a tax assessment of $35 to be made and collected on, among other things, all "residential, taxable units" in the fire district. The resolutions do not define these terms.

The Tax Commissioner collected the assessments from property owners, including the owners of mobile home parks. The Board passed a motion instructing the Tax Commissioner to collect the fire assessment from mobile home owners with mobile home decals. For administrative reasons, the Tax Commissioner refused to collect either fire or waste management assessments except from the owners of property on which mobile homes are located. Accordingly, the Tax Commissioner refused to accept plaintiffs' tender of their real property taxes without payment of these assessments for each rented space on their land occupied by a mobile home.

Plaintiffs instituted this action for a declaratory judgment, asserting that collection of the assessments in this manner: (1) violates the uniformity provision of the 1983 Georgia Constitution (Art. VII, Sec. I, Par. III), (2) constitutes an unlawful delegation of legislative

authority to plaintiffs, and (3) is inconsistent with the resolutions of the Board.

The superior court granted the defendants' motion for summary judgment and denied the plaintiffs' similar motion after resolving each of the above three issues against plaintiffs.

Plaintiffs appealed to the Supreme Court, contending that the superior court erred in its resolution of each issue. Citing *Northwestern Mut. Life Ins. Co. v. Suttles*, 201 Ga. 84, 103 (2) (38 SE2d 786) (1946), and cases exemplified by *Potts v. State Hwy. Dept.*, 225 Ga. 6 (165 SE2d 726) (1969), the Supreme Court transferred the appeal to us, on the ground that the appeal raises no constitutional questions within its jurisdiction but only questions as to the correctness of the taxing authorities' construction of the resolutions and their authority to enforce those resolutions.

The taxing authorities argue that collection of the assessments against plaintiffs is authorized by the resolutions, because the terms "residential units" and "dwelling units" can be interpreted as meaning spaces in a mobile home park on which mobile homes are located as well as the mobile home itself. To the contrary, the terms "residential units" and "dwelling units" refer to mobile homes by their plain and ordinary meaning. See *City of Cordele v. Hill*, 250 Ga. 628 (300 SE2d 161) (1983); *White v. Legodais*, 249 Ga. 849, 850 (2) (295 SE2d 99) (1982); *Fayette County v. Seagraves*, 245 Ga. 196, 197 (264 SE2d 13) (1980); *Kirk v. Lithonia Mobile Homes,* 181 Ga. App. 533, 534 (2) (352 SE2d 788) (1987); *Allstate Ins. Co. v. Walker*, 111 Ga. App. 120, 122 (140 SE2d 910) (1965); OCGA § 43-40-1 (9). By definition, a mobile home is an item of personal property separate and apart from the real property on which it sits. The real property can in no way be considered a residence, dwelling, or residential or dwelling unit. Consequently, the taxing authorities are not authorized to enforce the assessments at issue against plaintiffs under the resolutions as worded. Compare *Glendale Estates v. Mayor &c. of Americus*, 222 Ga. 610, 611-612 (151 SE2d 142) (1966) (city ordinance provided that where a multiple residential premise was served through a master water meter, the bill for such water charge would be to the owner of the property served by the master meter); *Pease v. City of College Park*, 155 Ga. App. 120, 121 (270 SE2d 329) (1980) (corporate charter gave city power to assess sanitary taxes as a charge and lien against the real estate in respect of which said taxes were assessed).

Plaintiffs' remaining contentions are moot.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 11, 1995.

*Adams & Ellis, Dwight T. Feemster*, for appellants.

*Zipperer & Lorberbaum, Alex L. Zipperer, Janet S. Foerster*, for appellees.