S00A1164, S00A1695. BOARD OF COMMISSIONERS OF
ATKINSON COUNTY v. GUTHRIE et al. (two cases).

(537 SE2d 329)

FLETCHER, Presiding Justice.

A group of Atkinson County property owners challenged the con-stitutionality of a county ordinance that makes them responsible for the payment of garbage collection fees for their rental property. The trial court struck down the ordinance as unconstitutional, and the county appealed. The property owners then filed a motion to dismiss the appeal, which the trial court granted. The issues on appeal are whether the trial court properly dismissed the notice of appeal as illegal and whether the county ordinance is constitutional. Because the county met all the statutory requirements for filing its notice of appeal and the county ordinance does not violate the due process rights of property owners by assessing them for the cost of services to their property, we reverse.

The Atkinson County Solid Waste Management Authority was established in 1992 and borrowed 3.4 million dollars from the United States Department of Agriculture to construct a county landfill. In 1994 the authority and the county board of commissioners entered into an intergovernmental contract in which the county agreed that all waste generated in the unincorporated areas of the county would be delivered to the landfill. In 1995 the agreement was amended to make the county responsible for payment of the authority's debt if the fees collected did not cover the debt payments. When the landfill fees did not generate sufficient income to pay the authority's debt,

the county allocated general funds to pay the shortfall.

In March 1999, the board adopted an ordinance requiring owners of rental property to pay the garbage collection fees for their rental property. The ordinance was enacted because the authority had difficulty collecting fees from tenants of rental property. It provides that the owner of rental property shall be responsible for paying the garbage collection fee for the rental property or rental unit. If fees are not paid, a lien is imposed against the property; after 90 days the board chairman is authorized to issue an execution for the levy and sale of the property as provided by law. The execution shall be recorded in the general execution docket in the superior court clerk's office and advertised in the county's legal organ.

Eighteen property owners filed a lawsuit challenging the ordinance, contending that neither the board nor the authority had the constitutional or statutory power to require a property owner to pay the debt of another person. Without holding a hearing or giving any reason for its decision, the trial court declared the ordinance unconstitutional under the Georgia Constitution. The order was filed on February 16, 2000; the county filed a notice of appeal on March 14, 2000. Subsequently, the property owners filed a motion to dismiss the county's appeal on the grounds that the board never voted to file an appeal at any meeting in February or March. Finding that the board never authorized an appeal in executive or open session, the trial court dismissed the notice of appeal as untimely.

## S00A1695. DISMISSAL OF APPEAL.

1. The Appellate Practice Act gives either party in any civil case the right to appeal from any judgment of the court by filing a notice of appeal within 30 days after entry of the appealable decision or judgment.[1] To constitute an "entry," the decision must be reduced to writing, signed by the judge, and filed with the clerk.[2] OCGA § 5-6-48 (b) lists three grounds for an appellate court to dismiss an appeal: (1) when a party fails to file a timely notice of appeal; (2) when the trial court's decision or judgment is not final or appealable; and (3) when the questions presented have become moot. In addition, subsection (c) of that code section gives a trial court the discretion to dismiss an appeal after notice and an opportunity for a hearing when the party appealing has caused an unreasonable and inexcusable delay in the filing of the transcript or record or has failed to pay costs within 20 days of notice of the amount due.

---

[1] OCGA § 5-6-38 (1995).

[2] See *Sharp v. State*, 183 Ga. App. 641, 642 (360 SE2d 50) (1987) (to constitute an "entry," oral order must be reduced to writing, signed by the judge, and filed with the clerk).

The record shows that the county in this case met all the statutory requirements for filing its notice of appeal. The county filed its notice within 30 days after entry of the trial court's judgment, the judgment was final, the questions presented were not moot, and the county did not delay in filing the record or paying the court costs. Even if the trial court were correct that the board failed to give the county attorney authority to appeal, that fact would not provide a legal basis for dismissing the board's appeal under OCGA § 5-6-48. Therefore, this court has jurisdiction to consider the county's appeal.

## S00A1164. CONSTITUTIONALITY OF COUNTY ORDINANCE.

2. A county may enact regulations to protect the health, safety, and general welfare of the public under its police powers.[3] In addition, the home rule provision in the Georgia Constitution gives counties the legislative power to adopt clearly reasonable ordinances relating to their property, affairs, and local government for which no provision has been made by general law and which is not inconsistent with the constitution. Among their enumerated powers, counties may provide garbage and solid waste collection and disposal.[4]

The Georgia Comprehensive Solid Waste Management Act additionally provides that municipalities, counties, authorities, and special districts have the power to "adopt and enforce additional regulations, not in conflict with this part, imposing further conditions, restrictions, or limitations with respect to the handling or disposal of [residential and commercial] solid waste."[5] OCGA § 12-8-56 gives any authority the power to operate a project and pay its cost from the proceeds of revenue bonds, contributions, loans, or user fees, which the authority is authorized to receive, accept, and use. OCGA § 12-8-39.3 further gives cities, counties, and authorities that operate a solid waste handling facility or provide solid waste collection services the power to enforce the collection of taxes, fees, and assessments by ordinance or resolution in the same manner as authorized for enforcing the collection of state taxes, fees, or assessments.[6] Thus, state law clearly gives both a county and a solid waste management authority the authority to collect and dispose of garbage and solid waste within a county; to charge, collect, or receive a tax, fee, or assessment for the service; and to enforce collection and payment of the fees by an ordinance or resolution enacted by a county governing authority.

The Georgia Constitution requires that regulations enacted as

---

[3] See *Vinson v. Home Builders Ass'n*, 233 Ga. 948, 949 (213 SE2d 890) (1975).
[4] Ga. Const. art. 9, sec. 2, paras. 1 & 3 (a) (2).
[5] OCGA §§ 12-8-30.9; 12-8-22 (1996).
[6] See OCGA § 12-8-39.3.

part of a county's police powers must not be "unreasonable, arbitrary or capricious, and that the means adopted must have some real and substantial relation to the object to be attained."[7] In *Bowery Savings Bank v. DeKalb County*,[8] the owners of recently acquired property argued that it was unreasonable, irrational, and unfair to require them to pay for delinquent water, sewer, and sanitation services since they did not contract for the services or receive them. Rejecting their argument and adhering to previous cases, we concluded that delinquent charges for water, sewer, and sanitation services constitute a lien against the property served.[9] "We do not, of course, mean to rule that one who orders water is not liable to pay for it, but are simply showing the right of the city to enforce payment for water furnished by making the amount due for it a charge on the property supplied with it."[10] Since DeKalb County had a valid governmental interest in satisfying its liens against the bank's property for delinquent accounts and the enforcement provisions of the ordinances were related to their objectives, we held that the ordinances in that case did not violate equal protection or due process.

Just as property owners have been held liable for a previous owner's or occupant's failure to pay for water, sewer, and sanitation services, property owners who rent their property may be liable for a tenant's failure to pay for similar county services. The Atkinson County ordinance, like the ordinances upheld in previous cases, makes the solid waste collection fee a charge on the property. It is reasonable to make property owners ultimately responsible for the payment of garbage collection fees on their property since they may include the monthly fee as part of the rent charged to their tenants.[11] The fact that the property owner does not personally produce the garbage does not preclude the county from assessing the owner for

---

[7] See *Rockdale County v. Mitchell's Used Auto Parts*, 243 Ga. 465 (254 SE2d 846) (1979); see also *Davis v. Weir*, 497 F.2d 139, 144 (5th Cir. 1974) (discussing equal protection analysis under the United States Constitution).

[8] 240 Ga. 528 (242 SE2d 50) (1978).

[9] Id. at 530; see *Harrison v. Jones*, 226 Ga. 344 (175 SE2d 26) (1970); *Dodd v. City of Atlanta*, 154 Ga. 33 (113 SE 166) (1922); *City of Atlanta v. Burton*, 90 Ga. 486 (16 SE 214) (1892).

[10] See *City of Atlanta v. Burton*, 90 Ga. at 489 ("It is somewhat analogous to a lien for taxes, which attaches to the property itself, and for the payment of which the property is subject.").

[11] See *Glendale Estates v. Mayor & City Council of Americus*, 222 Ga. 610 (151 SE2d 142) (1966) (city ordinance was not arbitrary or discriminatory when it made owner of mobile home park responsible for water bill where a master meter served multiple units of mobile homes); see also *Poythress v. Wilkins*, 218 Ga. App. 475 (462 SE2d 423) (1995) (taxing authorities could not enforce assessment for fire protection and waste management against property owners who owned mobile home park when ordinance provided that assessment was to be levied on all "dwelling units" and "residential units," which court defined as mobile homes).

the cost of the service and placing a lien on the property for nonpayment. Therefore, we conclude that our State Constitution, statutes, and case law permit Atkinson County to enact an ordinance requiring a property owner to pay for solid waste collection services provided to a mobile home on his or her property.

*Judgment reversed. All the Justices concur, except Benham, C. J., and Hunstein, J., who dissent.*

BENHAM, Chief Justice, dissenting.

I agree with the majority that the appeal filed by the Board of Commissioners was not subject to dismissal, and that the Board of Commissioners had the authority to enact ordinances concerning the collection of solid waste and the fees to be charged for that service. I cannot agree, however, that the ordinance in question is not subject to the complaint made by the appellees, that it denies them due process of law by making them liable for the debts of others.

The majority opinion suggests that the ordinance makes the garbage collection fee a charge on the property. If that were so, this would be a different case. However, the ordinance involved in this case recognizes that the solid waste regulations of Atkinson County provide that a garbage can shall be provided for each housing unit, rental unit, and mobile home, and that "every user of a garbage can shall pay the established collection fee." Nonetheless, the ordinance goes on in its very next section to purport to make owners of rental property liable for the garbage collection fees on their rental property. It may thus be seen that the basic system in Atkinson County is not one that makes garbage collection fees a charge on the property as the majority suggests, but one that links liability for garbage collection fees to the use of a garbage can supplied by the county. That basic system is disturbed by the present ordinance which seeks to make some owners responsible for the debts of other persons who, having used a garbage can, are personally liable for the garbage collection fees.

The situation in this case may be contrasted with that in *Bowery Savings Bank v. DeKalb County*, 240 Ga. 528 (242 SE2d 50) (1978), where an ordinance established a lien on property and permitted cessation of water service until an arrearage is paid. There, all property served by the water was subject to such liens. On the record before us, only rental properties are made subject to liens for nonpayment. Thus, the county has sought to enforce against the property of one person the personal debts of another. While this Court found no due process violation in the collection system set forth in *Bowery Savings Bank*, supra, the system questioned on this appeal does what our Constitution forbids in the first paragraph of the first section of the first article: it deprives the owners of rental units of property by leg-

islatively making them liable for debts they did not incur.

Because I am convinced that the ordinance in question violates the guarantee of due process in Art. I, Sec. I, Par. I of the Georgia Constitution, I would affirm the judgment of the trial court to that effect. Accordingly, I must dissent to the majority opinion's reversal of the trial court's judgment.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED OCTOBER 2, 2000 —
RECONSIDERATION DENIED OCTOBER 20, 2000.

*Manley R. Gillis*, for appellant.

*Sutton & Associates, Berrien L. Sutton, Josephine E. Graddy*, for appellees.